512 A.2d 85

Irvin & Schwertner, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Stanaitis), Respondents.

Submitted on briefs June 9, 1986, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge ROGERS, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioner.

*Larry Pitt,* for respondent.

OPINION BY SENIOR JUDGE ROGERS, July 9, 1986:

Irvin and Schwertner, Inc. (employer) filed a petition for review of the order of the Workmen's Compensation Appeal Board (Board), affirming a referee's decision granting compensation benefits to Herbert Stanaitis (claimant).

The claimant worked for the employer as a millwright installing heavy machinery at the final average weekly wage of $520.80. On Friday, May 15, 1981 the claimant experienced severe chest pains as he and his co-workers were lifting steel pipe guards weighing be-

tween 200 and 300 lbs. He told his foreman about the pain and though still in pain, finished out the work day. He went home and rested all weekend. The claimant went to his treating cardiologist, Dr. Frank Rosenberg, on Monday, May 18, 1981. He was admitted to Crozer-Chester Medical Center where he underwent tests and a catheterization. He was released from Crozer-Chester Medical Center on May 30, 1981. On June 25, 1981, the claimant was admitted to the University of Pennsylvania Hospital where he underwent a mitral valve replacement and coronary artery bypass grafting, performed by Dr. Alden H. Harken. The claimant has not returned to work since May 15, 1981.

On September 14, 1981 the claimant filed a claim petition. Subsequently hearings were held before a referee who made the following findings of fact:

2. On May 15, 1981 while in the course and scope of his employment with the defendant, the claimant lifted heavy metal pipe guards weighing between 200 and 300 pounds and immediately experienced severe pain in his chest.

. . . .

4. The claimant testified in his own behalf and presented medical testimony in support of his claim by Dr. Victor Digilio. Dr. Digilio made a diagnosis of coronary insufficiency which he believed was materially aggravated by the stress involved in the work incident on May 15, 1981. Dr. Digilio further believed that as a result of the aggravation of the claimant's coronary insufficiency, the claimant had been disabled from returning to his work duties for the defendant.

5. Though the Referee recognizes that conflicting medical opinions were produced by the defendant, the Referee chooses to resolve the conflict by finding the opinion of Dr. Victor

Digilio to be most credible and convincing and rejecting the medical opinions to the contrary.

6. The Referee thereby finds as a fact that as a result of the claimant's lifting incident at work on May 15, 1981, the claimant materially aggravated his coronary insufficiency which has resulted in his disability to return to his work duties for the defendant from May 15, 1981 to the present time.

7. As a result of the work injury the claimant sustained, the following medical bills and expenses which are to be paid by the defendant:

| | | |
|---|---|---:|
| 1. | University of Pa. Medical Group | 253.00 |
| 2. | Likoff-Segal Assoc. | 130.00 |
| 3. | Michael V. Yow, M.D. | 181.00 |
| 4. | Hosp. of Univ. of Pa. intensive care | 230.00 |
| 5. | Univ. of Pa. anesthesia | 1,375.00 |
| 6. | Dr. Alden Harken | 1,257.00 |
| 7. | Hosp. of Univ. of Pa. (7/6—7/15/83) | 23,348.87 |
| 8. | Hosp. of Univ. of Pa. (6/26—6/30/81) | 1,778.42 |
| 9. | Crozer-Chester Medical Center | 600.00 |
| 10. | Drs. Rosenberg and Goldman | 260.00 |
| 11. | Dr. Alden Harkens [sic] | 30.00 |
| 12. | Crozer-Chester Hosp. (5/25—5/30/81) | 2,536.25 |
| 13. | Hubert Stanaitis, reimbursement | 325.00 |
| 14. | Larry Pitt, reimbursement for depo. & trans. | 490.00 |
| 15. | Carpenters Union Health & Welfare Fund | 3,033.00 |

The referee concluded that:

> On May 15, 1981, the claimant, Hubert Stanaitis, sustained an aggravation of coronary insufficiency as a result of lifting heavy metal guards at work which has resulted in his temporary total disability from May 15, 1981 to the present and continuing.

On appeal the Board affirmed the decision of the referee. The employer has petitioned for review of the Board's order.

The employer contends that findings of fact that the claimant's work aggravated his coronary insufficiency resulting in a disability and that the claimant's heart surgery and attendant medical bills were causally related to this disability, are not supported by substantial evidence.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corporation v. Workmen's Compensation Appeal Board*, 492 Pa. 1, 421 A.2d 1060 (1980). Here Dr. Victor H. Digilio, an internist, testified that the claimant suffered from a coronary insufficiency and that "[i]t is his opinion that the stress of [the claimant's] work on the day in question, May 15, 1981, was the material precipitating and/or aggravating cause of coronary insufficiency." He based his opinion on the fact that the claimant had extreme chest pains when he lifted the heavy steel pipe guards. Dr. Digilio testified that the claimant could not return to his former work but, could do some sedentary work. Dr. Digilio also testified that the medical costs of the claimant were reasonable and necessary.

Dr. Digilio's testimony was disputed by other physicians. The referee expressly chose to resolve this conflict by finding Dr. Digilio's testimony to be the most credible and convincing. In a workmen's compensation case, weighing of the testimony is solely within the

province of the referee and his decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal. *Killian v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

Dr. Digilio's unequivocal testimony is competent and constitutes substantial evidence supporting the referee's findings regarding the causal connection between the claimant's employment and his coronary insufficiency and attendant medical expenses.

It will be recalled that the referee listed and allowed as a medical expense the item "Carpenters Union Health & Welfare Fund $3,033.00." The employer says that this item is a subrogation claim, not a medical bill and there is no evidence supporting it. At the hearing the claimant's counsel stated that the Fund had paid out the $3,033.00 for the claimant's medical treatment. Counsel for the employer replied, "I think the Carpenters' Union has to prove the subrogation rights, your Honor. It's a fair statement that they should get it back, but it's not sufficient" and "I agree that whatever [the fund] paid [it] paid, that's not the question. The question is whether they have a right to subrogate [sic]" and he added that only the insurance policy can answer that question. The claimant's counsel agreed but the insurance policy was not produced. Of course none of this is evidence from which the referee could find that the Fund had the right to subrogation, or indeed that the Fund paid out $3,033.00 on behalf of the claimant for his medical expenses. We therefore vacate the award to the Carpenters Union Health and Welfare Fund and remand the record for further proceedings with respect to that item; in all other respects we affirm the Board's order. Jurisdiction is relinquished.

ORDER

AND NOW, this 9th day of July, 1986, the award to the Carpenters Union Health and Welfare Fund in the above-captioned matter is vacated; the record is remanded for further proceedings with respect to that question; in all other respects the Board's order is affirmed. Jurisdiction is relinquished.