515 A.2d 331

George Fuhrman, Petitioner *v.* Workmen's Compensation Appeal Board (Clemens Supermarket), Respondents.

Argued April 8, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Mark B. Segal, Markowitz & Richman,* for petitioner.

*David L. Allebach, Jr., Reynier, Crocker, Allebach & Reber, P.C.,* for respondents.

OPINION BY JUDGE DOYLE, September 19, 1986:

George Fuhrman (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of Claimant's petition for medical and hospital expenses arising from a work-related injury.

Claimant was employed by Clemens Supermarket (Employer) as a produce clerk when, on August 14,

1978, he fell from a truck while unloading produce and suffered a groin injury which included contusions of the penis and hemotoma of the anterior urethra resulting in urethral stricture. Claimant underwent various hospitalizations and medical procedures as a result of his injury and was compensated for these expenses by Employer's insurer. He also missed work on a full-time or part-time basis for various periods between August 14, 1978 and April 2, 1979. He received compensation under a notice of compensation payable and a supplemental agreement for his lost work. On April 2, 1979, Claimant returned to full-time employment with no loss of wages and signed a final receipt. He continued to accrue medical expenses after this date and was compensated for same until July 15, 1982. On this date, Employer's insurer advised Claimant that it would not reimburse him for medical costs accrued after April 2, 1982, because as of that date, three years had elapsed since he signed the final receipt which, according to Employer, barred a claim for medical expenses accruing more than three years after the date of the last compensation payment.

Claimant filed a claim petition with the Board for payment of his medical and hospital expenses incurred subsequent to April 2, 1982. The referee denied the claim on the basis of the three-year statute of limitations contained in Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §1001. The Board affirmed the denial on the same basis, also noting that it was treating the claim as a petition to set aside the final receipt.

Claimant now appeals to this Court, alleging that the statute of limitations contained in Section 434 is not applicable to the payment of medical expenses pursuant to Section 306(f) of the Act,[2] 77 P.S. §531. Alternatively,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.

[2] Enacted as 306(e) in the Act of 1915 and renumbered in the Act of June 21, 1939, P.L. 520.

he argues that if the statute of limitations is found to apply, the voluntary payment of medical expenses subsequent to the signing of the final receipt should operate to toll the statute, or the Employer should be estopped from relying upon the final receipt to trigger the statute by language in the final receipt which specifically excluded medical payments. Claimant also appeals from the denial of his request for attorney's fees.

Medical payments for work-related injuries are reimbursable under Section 306(f) of the Act. Section 306(f)(1) states in pertinent part that "[t]he employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed."[3] No time limitations currently appear anywhere in Section 306(f).

Section 434 of the Act, 77 P.S. §1001, provides as follows:

> A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

Employer argues first that the word "compensation" as used in this section includes medical payments and,

---

[3] There is no dispute in this case that Claimant's expenses were all reasonable and related to his injury.

consequently, the final receipt, which has gone un-challenged for three years, now constitutes a conclusive determination that Claimant's entitlement to *all* compensation, including medical payments, has ceased. This Court has stated that the word "compensation" as employed in various sections of the Act does include payment of medical services. *Workmen's Compensation Appeal Board v. DelCimmuto*, 23 Pa. Commonwealth Ct. 43, 350 A.2d 459 (1976). This determination, however, has been made on a section-by-section basis, and we have never stated categorically that it is true for every section of the Act. The most accurate statement on the issue probably came from the 1932 case of *Haley to Use v. Matthews*, 104 Pa. Superior Ct. 313, 158 A. 645 (1932), wherein the Superior Court observed, "[t]he word 'compensation' appears very frequently in [the Act]. It is used, in our judgment, both in its limited sense—contemplating the loss of wages only, and in the more comprehensive sense—including medical and hospital expenses." *Id.* at 316, 158 A. at 646.

We do not think the question concerning the use of the word "compensation" in Section 434 of the Act can be answered by analyzing that section in a vacuum. More telling, we think, is an examination of the history of Section 306(f) as an indicator of legislative intent. This Section has undergone considerable changes over the years, in keeping with a growing state and national movement toward protection of the labor force. *See* I. Stander, Guide to Pennsylvania Workers' Compensation at 1-11 (1979). The length of time during which an employer was required to furnish an injured employee with medical care in the original Act was only fourteen days from the date "disability" began.[4] The Act was

---

[4] The amount collectible was also limited, to $25.00 generally and $75.00 in the event major surgery was required. This dollar limitation was gradually increased and eventually dropped from this section altogether.

amended several times over the following years in a continuous trend toward lengthening this time period until in 1937, the Act indicated benefits were collectible for three months from the date of an "injury."[5] The alteration by the legislature of the word "disability" to the word "injury" was also considered a liberalizing change. *See Sekel v. Iagenemma,* 170 Pa. Superior Ct. 621, 90 A.2d 587 (1952). Thus for the first time an inference was created that medical expenses might be reimbursable even where a work-related *injury* did not *disable* an employee from working. This inference, however, was short-lived, as in 1939 the wording was again changed back to "disability," and the time period was *shortened* to sixty days.[6] Consequently, except for the two-year period between 1937 and 1939, it was clear that the disability contemplated by the Act was the loss, total or partial, of the employee's earning power as the result of an injury. *Sekel.*

Following 1939, however, the liberalizing tendency again predominated until, in 1953, the section had been amended to provide that medical services were payable until 120 days from the beginning of disability.[7] In addition, although this time the word "disability" was left unchanged, a sentence was added which specifically stated, "The provisions of this section shall apply in injuries where no loss of earning power occurs." This addition was interpreted by the courts as again instituting a right to medical reimbursements even where no loss of earning power occurred. *Davis v. Mourar,* 196 Pa. Superior Ct. 91, 173 A.2d 798 (1961) *(allocatur refused).* Because a 1956 amendment[8] had further lengthened the time limit on medical payments to six months,

---

[5] Act of June 4, 1937, P.L. 1552.

[6] Act of June 21, 1939, P.L. 520.

[7] Act of August 24, 1953, P.L. 1382.

[8] Act of February 28, 1956, P.L. (1955) 1120.

the *Davis* Court held that such payments could be collected for a time period which extended either from the date of a work-related injury until a date six months thereafter or, alternatively, from the date of a disability which resulted from such an injury, until a date six months after that.

The 1956 amendment also added a provision which permitted an injured employee to petition for *further* medical payments beyond the initial six-month period "if it is established that further care will result in restoring the injured employee's earning power to a substantial degree." In *Chabotar v. S. Klein Department Store*, 26 Pa. Commonwealth Ct. 572, 364 A.2d 970 (1976), this Court stated:

> [I]t would appear that this section presumes that any claim for further medical benefits must necessarily presume that a loss of earning power had already been established by prior findings of the Board pursuant to other proceedings in which that issue may be raised such as the claimant's original claim petition in this case. To conclude otherwise would lead to the absurd result that a claimant, having suffered a compensable injury could petition, at *any time in the future,* for further medical services, even years after compensation had been terminated.

*Id.* at 574, 364 A.2d at 972 (emphasis in original). The Court also stated:

> Once a finding has been made that all disability has terminated, the claimant can reopen the issue as to loss of earning power only by a petition for reinstatement filed before the Board, pursuant to Section 413 of the Act, 77 P.S. §772, i.e., within two years after the most recent payment of compensation.

*Id.* at 575, 364 A.2d at 972.

The position of the *Chabotar* court, pursuant to which the three-year statute of limitations in Section 413 is incorporated into Section 306(f), is essentially the position taken by the referee and the Board below, as well as by Employer in this appeal. Section 413, 77 P.S. §772, currently bars a petition for reinstatement (based on a recurrence of disability) more than three years after the date of the most recent payment of compensation under an agreement or award. Section 434, as noted above, sets the same three-year limitation on a petition to set aside a final receipt.[9] Applying the logic of *Chabotar* would result in the incorporation of both Section 413 and Section 434 into Section 306(f). We decline to perpetuate this interpretation, because we believe that widespread changes by amendments to the Act in 1972 and 1978 altered the meaning of Section 306(f) still further.

The 1972 amendment removed the time limitation in Section 306(f) entirely and also removed the qualification making payment of further medical bills dependent on proof that further care would aid in the restoration of an employee's earning power.[10] On the basis of these changes, in *Deremer v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 415, 433 A.2d 926 (1981), this Court reiterated the *Davis* standard by holding that it was not necessary for an employee to sustain a loss of earning power in order to qualify for

---

[9] Like Section 306(f), Section 434 has undergone several changes since its inception in the Act of June 26, 1919, P.L. 642. The time during which a petition for reinstatement could be instituted was changed from unlimited in 1919, to 600 weeks following the date of an injury in 1937, to two years from the date of the last payment in 1939, and finally, to three years from the date of the last payment in 1974.

[10] Act of March 29, 1972, P.L. 159.

reimbursement of medical expenses pursuant to a work-related injury.[11]

In the 1972 amendments, subsection (5) also was added to Section 306(f),[12] providing that payment by an insurer of any medical, surgical or hospital services or supplies after the expiration of *any* statute of limitations provided for in the Act shall not operate to reopen or renew the compensation rights for purposes of such limitations. Although this section does not directly answer the question before us, it must presuppose the payment of medical expenses *after* the expiration of a statute of limitations, and thus separates the concept of "medical services" from the concept of "compensation."

Subsequent to the amendments effected in 1972, another amendment in 1978, added subsection 306(f)(2)(ii),[13] 77 P.S. §531(2)(ii), which provides that employers may not refuse to pay medical bills which are supported by appropriate reports from physicians on the grounds that the expenses are unreasonable or unnecessary, before petitioning the Workmen's Compensation Bureau for a review of such expenses. This shifts to the employer the burden of proving medical expenses are *unnecessary*, in contrast to the language deleted in 1972, which required an employee to prove that further medical services *were necessary to restore earning power*. The Act was silent on this issue be-

---

[11] The *Deremer* Court interpreted *Chabotar* as requiring proof of disability in order for an injured employee to qualify for *any* medical services. Examining *Chabotar* in its historical perspective, we now believe the holding of that case was intended to apply only to *further* medical expenses, *i.e.*, expenses which were incurred after the initial six-month period which was then in effect. This interpretation allows the case to be reconciled with *Davis*, which apparently was not discredited by the holding in *Chabotar*.

[12] 77 P.S. §531(5).

[13] Section 306(f)(2)(ii) of the Act of July 1, 1978, P.L. 692, *as amended*, 77 P.S. §531(2)(ii).

tween the 1972 amendments and the 1978 amendments.

In sum, we hold that the three-year statute of limitations appearing in Section 434 of the Workmen's Compensation Act is wholly inapplicable to the payment of medical services pursuant to Section 306(f). This result makes it unnecessary for us to address Claimant's arguments regarding tolling the statute or estoppel.

With respect to Claimant's request for attorney's fees, we will affirm the Board's denial. Under Section 440 of the Act, 77 P.S. §996, added by the Act of February 8, 1972, P.L. 25, attorney's fees are recoverable by a claimant against an insurer who has contested liability, but may be properly excluded where the insurer has established a reasonable basis for contest. This Court has established that the primary question in determining reasonableness of a contest is whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *City of Scranton v. Workmen's Compensation Appeal Board (Cimoch)*, 88 Pa. Commonwealth Ct. 64, 488 A.2d 648 (1985). As Employer points out, this case revolves around an issue of first impression before this Court. Accordingly, we believe there was a reasonable basis of contest upon which to uphold the denial of fees.

We will reverse the Board's dismissal of Claimant's petition for payment of medical expenses and affirm the denial of attorney's fees.

### Order

Now, September 19, 1986, the Order of the Workmen's Compensation Appeal Board, No. A-87244 dated December 27, 1984 is hereby reversed insofar as it denies Claimant's petition for medical expenses and is affirmed insofar as it affirms the referee's denial of Claimant's attorney's fees. The record is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.