586 A.2d 507

**ADIA PERSONNEL AGENCY and CNA Insurance Companies, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (COLEMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1990.

Decided Jan. 28, 1991.

John C. Jackson, with him, Patrick R. Vitullo, LaBrum and Doak, Philadelphia, for petitioners.

Brian R. Steiner, Steiner, Segal & Muller, P.C., Philadelphia, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

CRAIG, Judge.

This interlocutory appeal by permission is from an order of the Workmen's Compensation Appeal Board quashing as interlocutory an appeal to it by ADIA Personnel Agency, the employer, and CNA Insurance Company from a referee's refusal to grant a supersedeas of the employer's obligation to pay medical expenses pursuant to section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

On May 27, 1986, the employer filed a petition for termination of compensation being paid to claimant Samuel A. Coleman. The claimant filed an answer asserting that the employer violated the Act because it had refused to pay certain medical expenses, on the ground that those expenses were not reasonable and necessary to his continued treatment. On May 18, 1987, the employer filed a petition to review those medical expenses under section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii).

Additionally, the employer requested that the referee grant a supersedeas of payments of the challenged medical bills. In response, the referee issued by letter the following order, which states in relevant part:

I have decided that I will not enter an interlocutory order either granting or denying supersedeas because to do so would imply that I believe that Section 306(f) empowers the referee to grant or deny a discretionary supersedeas.

It is my opinion that the provisions of Section 306(f) clearly do not permit a supersedeas on the mere filing of the petition (such as the so-called automatic supersedeas allowed under Section 413(a) prior to Baksalary), and

there is no power granted to the referee, express or implied, to enter a discretionary supersedeas order.

The employer appealed to the board and, while the appeal was pending, paid the amount of the medical expenses in controversy into an interest-bearing escrow account. On November 7, 1988, the board quashed the appeal as interlocutory.

On September 18, 1989, the board denied the employer's subsequent petition for rehearing and reaffirmed its previous order dismissing the appeal as interlocutory. However, on October 12, 1989, the board then granted the employer's request to certify the substantive question as one meriting an interlocutory appeal by permission.[1] This court then granted the employer's petition for permission to appeal on November 8, 1989.

The issue before this court is whether a supersedeas may be granted for medical expenses, and if not, whether such omission from the Act constitutes a denial of due process under the state and federal constitutions.

Section 306(f)(2)(ii) provides:

The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection.

---

1. *See* Pa. R.A.P. 1311.

There is a procedural difficulty with this case. The Board's order of September 18 *quashed* the appeal as interlocutory; it thus never reached the merits of whether the supersedeas petition should have been denied. The controlling question of law it later certified, however, was the merits of the denial of the supersedeas petition. Because our order permitted the appeal of the question certified we shall, in the interest of judicial economy, decide the substantive question and, accordingly, we will treat the Board's order as having actually dismissed the appeal to it on the merits.

Although section 306(f)(2)(ii) specifies that the filing of the petition itself does not effect an automatic supersedeas, we must decide whether it authorizes a discretionary supersedeas as to payment of medical expenses.

Section 443 of the Act, 77 P.S. § 999,[2] which deals with reimbursement from the supersedeas fund, provides:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

Section 413 of the Act, 77 P.S. §§ 771–774.2, pertains to modification or setting aside an agreement for fraud, modification due to a change in disability, amendment of petitions, the effect of a petition to terminate or modify an agreement, the effect of an employer's improper suspension, decrease or termination of compensation benefits, and the right of an employer to suspend compensation where the employee has returned to work at previous or increased earnings and a petition to terminate or modify has been filed.

Section 430 of the Act, 77 P.S. § 971, pertains to the effect of an appeal on a lien of judgment.

However, no section within the Act authorizes a discretionary supersedeas as to payment of medical expenses. Furthermore, a policy of cutting medical aid *before* an adjudication could seriously impair a claimant's right to receive immediate treatment. Therefore, we must conclude that section 306(f) does not authorize a discretionary supersedeas for such expenses.

Although a referee's decision to grant or deny a supersedeas is not appealable, 77 P.S. § 774, there is the remedy providing for reimbursement from the supersedeas fund

2. Section 443 was added by Section 3 of the Act of February 8, 1972, P.L. 25 (Act 12).

under section 443. 2 A. Barbieri, *Pennsylvania Workmen's Compensation* § 6.17(3), at 53 (1975). As expressed by Senior Judge Barry in the case of *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press)*, 137 Pa.Commonwealth Ct. 393, 586 A.2d 500 (1991), section 443 authorizes reimbursement of medical expenses to an insurer pursuant to a judicial determination that such expenses should not have been paid.

Because an insurer can be reimbursed for all unnecessarily paid medical expenses, there is no need to address the issue of due process.

Accordingly, the denial of the supersedeas is affirmed.

DOYLE, J., filed a concurring opinion.

## ORDER

NOW, January 28, 1991, the denial of the supersedeas in the above-captioned matter is affirmed.

DOYLE, Judge, concurring.

I agree entirely with the majority's analysis of the statutory construction question and its conclusion that "no section within the Act authorizes a discretionary supersedeas as to payment of medical expenses." P. 508. I cannot agree, however, that a remedy for reimbursement for medical expenses exists under Section 443 of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. § 999, which establishes the Supersedeas Fund (Fund). The majority has concluded that the Act prohibits both an automatic and a discretionary supersedeas for medical expenses. That being the case, I do not understand how recovery for such expenses can be had from the Supersedeas Fund because Section 443 clearly states that recovery from the Supersedeas Fund is available where, and only where, a supersedeas is "requested and denied." How can a supersedeas for

1. Act of June 2, 1915, P.L. 736, *as amended.* Section 443 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

medical expenses be denied if, as the majority holds, there is no right to request one in the first place as a matter of law?

As I observed in my dissenting opinion in *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press) (INA)*, 137 Pa. Commonwealth Ct. 393, 586 A.2d 500 (1991):

Reimbursement from the Supersedeas Fund is statutorily limited to "compensation" paid out. The word compensation is not specifically defined in the Act and we held in *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), that a determination of what compensation means must be made on a section by section basis. We further held in *Fuhrman* that "compensation" as that term is used in Section 434 of the Act, 77 P.S. § 1001, (establishing a three-year statute of limitations for setting aside a final receipt) was *not* applicable to medical expenses under Section 306(f). Moreover, and of critical importance, is that in *Fuhrman* we specifically rejected the rationale of *Chabotar v. S. Klein Department Store*, 26 Pa.Commonwealth Ct. 572, 364 A.2d 970 (1976), where we had previously held that the then two-year statute of limitations under Section 413 *was* incorporated into Section 306(f). In rejecting the notion that the present three-year statute of limitations in Section 413 is applicable to Section 306(f) medical expenses, we stated:

Applying the logic of *Chabotar* would result in the incorporation of both Section 413 and Section 434 into Section 306(f). We decline to perpetuate this interpretation, because we believe that widespread changes by amendments to the Act in 1972 and 1978 altered the meaning of Section 306(f).

.... And, in discussing Section 306(f)(5), we further wrote:

this section ... must presuppose the payment of medical expenses after the expiration of a statute of limita-

*tions, and thus separates the concept of 'medical expenses' from the concept of 'compensation.'*

.　　　.　　　.　　　.　　　.

What the majority's holding would now do by its determination that "compensation" includes "medical expenses," which under Section 443 can only be accomplished "under the provisions of Section 413 or Section 430," is to reapply Section 413 to Section 306(f); something we absolutely eschewed in *Fuhrman.* In the instant case, the "compensation" referred to in Section 443 is that, and only that, which is incorporated under Sections 413 and 430, and, as above outlined, those Sections do not pertain to medical expenses. Accordingly, one is driven to conclude that reimbursement for medical expenses later judicially determined to be unreasonable or unnecessary cannot be recouped from the Supersedeas Fund. And, because of this conclusion, it follows logically that a discretionary supersedeas for such expenses cannot be obtained under the Act. I note that the majority in *ADIA Personnel Agency v. Workmen's Compensation Appeal Board,* 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991), has come to the same conclusion that "no section within the Act authorizes a discretionary supersedeas as to payment of medical expenses" (P. 508) (Doyle, J. dissenting) (citations omitted) (emphasis added and deleted in *INA* ).

Further, I disagree with the majority's reading of Judge Barbieri's treatise. In the provision cited by the majority Judge Barbieri states, "although an unappealable refusal of supersedeas may work a hardship in some cases, there is the remedy providing for reimbursement under the terms of new Section 443." Barbieri, Pennsylvania Workmen's Compensation § 6.17(3) (1975). He never suggests, however, that that remedy applies in a situation where the Act does not authorize any type of supersedeas.

I must also express my disagreement with the majority's reasoning in *INA* upon which the majority relies. In that opinion the majority states, "[w]e can perceive no valid

reason for holding that an insurer can recover work loss benefits but cannot recover medical expenses when it is ultimately decided that neither should have been paid." 137 Pa.Commonwealth Ct. at 398, 586 A.2d at 502. I respectfully suggest that the valid reason for such a holding is that the Act does not authorize such recovery either specifically or impliedly. Furthermore, the majority here, by relying on the majority opinion in *INA*, is actually inconsistent. The majority here concludes that "no section within the Act authorizes a discretionary supersedeas as to payment of medical expenses" (P. 508). Yet, that is, by inescapable inference, the very conclusion which Judge Barry reaches in *INA*.

Although the point is not specifically articulated, the majority is suggesting that reimbursement is allowed from the Supersedeas Fund because medical expenses are somehow "subsumed" under Section 413 of the Act within a notice of compensation payable or an original or supplemental agreement, and hence an employer can recoup medical expenses from the Fund *without* filing any supersedeas petition at all. This position, however, would be contrary to the procedure normally employed to recoup expenses from the Fund since in any other situation a supersedeas must be specifically requested and denied pursuant to the express language of Section 443. Further, if no supersedeas petition for medical expenses need be filed, what date should trigger the point at which reimbursement should be calculated?

Because of my position on this issue, I must consider the constitutional question that the majority has found it unnecessary to reach. The *INA* opinion states, "[t]his conclusion [that recovery from the fund is permissible] is buttressed by the fact that the Supersedeas Fund consists solely of payments by insurers and self-insurers within the Commonwealth." 137 Pa.Commonwealth Ct. at 398, 586 A.2d at 502. It seems that both the majority and ADIA believe that because ADIA has paid money into the Supersedeas Fund, it now has a due process property right in obtaining recov-

ery from that fund if medical benefits which it pays are ultimately determined to have been paid in error. I disagree.

I begin my analysis of this issue by observing that: Under Sections 504 and 101 of the Administrative Agency Law, 2 Pa.C.S. § 504 and § 101, due process in the form of notice and an opportunity to be heard is required only when a personal or property right or other similar interest is affected by a final order. An individual has a property interest mandating due process protection only when he has a legitimate claim of entitlement to the asserted right, *Marino v. Commonwealth*, 87 Pa.Commonwealth Ct. 40, 486 A.2d 1033 (1985), or in other words, an enforceable expectation governed by statute or contract. *Amesbury v. Luzerne County Institution District*, 27 Pa.Commonwealth Ct. 418, 366 A.2d 631 (1976); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 [92 S.Ct. 2701, 2709, 33 L.Ed.2d 548] (1972). Additionally, because it has been held that duly promulgated 'legislative' regulations have the force and effect of statutory law, *Girard School District v. Pittenger*, 481 Pa. 91, 392 A.2d 261 (1978), they also can be the source of a substantive property right.

*Hasinecz v. Pennsylvania State Police*, 100 Pa.Commonwealth Ct. 622, 624–25, 515 A.2d 351, 353 (1986), *petition for allowance of appeal denied*, 516 Pa. 636, 533 A.2d 94 (1987).

While ADIA claims it has a property right in the funds it will expend for the challenged medical services, in my view these expenditures do not bring due process considerations into play as they are only the administrative costs attendant on doing business. By analogy I look again to the Supersedeas Fund. Under its enabling provisions it is to be maintained "by annual assessments on insurers and self-insurers." The assessments are to be collected by the Department of Labor and Industry. Section 443(b), 77 P.S. § 999(b), further provides in pertinent part:

Assessments shall be based on the ratio that such insurer's or self-insurer's payments of compensation bear to the total compensation paid in the year preceding the year of assessment. The total amount to be assessed shall be one-hundred percent of the amount reimbursed to insurers and self-insurers in the preceding year pursuant to this section, except that the first annual assessment made under this Act shall be in the amount of two hundred fifty thousand dollars ($250,000.)

There is a legal process under Section 443 by which an insurer may challenge an assessment it deems to be excessive, unlawful, erroneous, or invalid. But there is no such mechanism to challenge an assessment simply because an insurer paid more into the fund then it took out. Any such loss is merely part of the employer's cost of doing business. In other words, any individual employer, whether insured or self-insured, is required to pay some portion of the total compensation that was paid out to claimants for an inappropriate reason. These claimants were not entitled to such compensation, but rather than seek recoupment from the claimants, all employers (whether insured or self-insured) are required to share in that cost. Similarly, the medical expenses at issue here constitute such a cost.

While the legislature could, as it has done with payments for other workers' compensation benefits, create a system or procedure which would allow the employer/insurer to recoup funds paid out which are later judicially determined to have been inappropriately paid, and thus spread the risk or cost among all employers/insurers, it has chosen not to do so with medical costs and I decline to read such a provision into the Act. In effect, the legislature, in balancing the equities, has determined first, that where medical costs are concerned, it is better to pay those costs before a final determination has been made on the merits, even if it is subsequently determined that such costs were unreasonable or unnecessary, and second, that such costs should be borne by the individual employer/insurer rather than be paid from the Supersedeas Fund representing all employers/insurers.

While my position is seemingly unfavorable to some employers and their insurers, a contrary result would be adverse to the interest of claimants and medical providers. There are competing interests here which unfortunately cannot all be satisfactorily reconciled. It must be borne in mind, however, that the Act is to be liberally construed in favor of claimants to effectuate its beneficent purpose, *Boro of Midland v. Workmen's Compensation Appeal Board (Granito)*, 127 Pa.Commonwealth Ct. 462, 561 A.2d 1332 (1989), and that the lack of remedy for any perceived inequities in the Act's statutory scheme is a matter for the legislature to correct.[2]

PELLEGRINI, J., joins in this concurring opinion.

**2.** ADIA also argues that placing the disputed funds in an escrow account, as it has done, is not prohibited by the Act. I believe that it is, first, because ADIA has no property right in the disputed funds and second, because there is absolutely no statutory authority under the Act for doing so. And, I observe that the escrowing of funds does prevent medical providers from receiving prompt payments and could lead to their reluctance to treat claimants.