137 Pa. Commonwealth Ct. 387 (1991)
586 A.2d 496
COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (COMMERCIAL UNION INSURANCE COMPANY, Insurance Company of North America and Aetna Life and Casualty Company), Respondents.
Commonwealth Court of Pennsylvania.
Argued March 7, 1990.
Decided January 28, 1991.
*388 Richard T. Kelley, Deputy Chief Counsel, with him, Paul E. Baker, Sr. Counsel, Harrisburg, for petitioner.
Gregory D. Geiss, with him, Cal A. Leventhal, Honesdale, and Richard D. Harburg, David Pennington, Charles S. Katz, Jr., Sharolyn Murphy Henderson, Swartz, Campbell & Detweiler, Philadelphia, for respondent, Commercial Union Ins. Co.
James T. Anthony, with him, Wilbur C. Creveling, Jr., Creveling & Creveling, Allentown, for respondent, Aetna Life & Cas. Co.
Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.
CRAIG, Judge.
This is an appeal by the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Worker's Compensation (Commonwealth) from a consolidated order of the Workmen's Compensation Appeal Board which, being evenly divided on the legal issue raised, affirmed the decisions of four referees in five different cases.
In four of the cases, the referees permitted insurance carriers to obtain reimbursement from the supersedeas fund for medical expenses which had been previously paid out to various claimants[1] and which were later determined by the referees to have been unnecessary or unreasonable. In the fifth case, the referee denied supersedeas fund reimbursement.[2] Obviously, the Commonwealth as conservator of the supersedeas fund has not appealed this part of the board's consolidated order, and the insurer in that case, *389 Insurance Company of North America, has filed no petition for review.[3]
Therefore, we have before us only four of the five cases to which the board's order pertains; with respect to these cases there are two insurance companies which are respondents, Commercial Union Insurance Company and Aetna Life and Casualty Company (collectively the Insurance Companies).[4]
On appeal we have a question of first impression on an issue which has far-reaching consequences. We must decide the question of whether medical expenses, that have been paid out and that are ultimately determined to have been paid in error because they were unreasonable or *390 unnecessary, are "compensation" which can be reimbursed from the supersedeas fund.
In ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman), 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991), the insurer argued that reimbursement from the supersedeas fund was not the appropriate legal remedy, but rather that a supersedeas or an escrowing of the medical payments in dispute is permissible. But here the insurance companies seek reimbursement from the fund and place that issue squarely before us.
In 1972 the legislature created the supersedeas fund. The relevant statute, section 443 of The Pennsylvania Workmen's Compensation Act (Act),[5] 77 P.S. § 999, reads in pertinent part as follows:
(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.
(b) There is hereby established a special fund in the State Treasury, separate and apart from all other public monies or funds of this Commonwealth, to be known as The Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), to include reimbursement to the Commonwealth for any such payments made from general revenues. The department shall be charged with the maintenance and conservation of this fund. The fund shall be maintained by annual assessments on insurers and self-insurers under this act, including the State Workmen's Insurance Fund. The department shall make assessments and shall collect moneys pursuant to this section of the act. Assessments shall be based on the ratio that such insurer's or self-insurer's payments of compensation *391 bear to the total compensation paid in the year preceding the year of assessment. The total amount to be assessed shall be one hundred percent of the amount reimbursed to insurers and self-insurers in the preceding year pursuant to this section, except that the first annual assessment made under this act shall be in the amount of two hundred fifty thousand dollars ($250,000).
Before the creation of the fund, section 413 of the Act, 77 P.S. §§ 771-774.2,[6] authorized an employer to petition for modification, suspension or termination of a notice of compensation payable. Additionally, any challenge to medical expenses was brought under a section 413 petition; however, any relief that an employer gained with respect to medical expenses was prospective only. See Dissenting Opinion of Commissioner Atkinson in the Stanaitis case. "[T]he Supersedeas Fund has never paid any carrier reimbursement for medical costs." Id., 137 Pa.Commonwealth Ct. at 406-407, 586 A.2d 507.
In 1978, six years after the establishment of the fund, the legislature amended section 306(f) of the Act, 77 P.S. § 531. Included in the amendment is the following language:
(ii) The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection.
At no time has the legislature directly addressed the question of whether medical expenses can be reimbursed from the fund.
The Commonwealth reads section 443 literally and maintains *392 that only section 413 and section 430[7] petitions are covered by the fund. Specifically, the Commonwealth argues that medical expenses are not reimbursable from the fund (1) because section 443 does not include a reference to section 306(f) or any other expression that compensation under section 443 includes medical expenses and (2) because section 443 does not define "compensation" as broadly as section 446(g) of the Act,[8] 77 P.S. § 1000.2(g), which states that "[f]or the purposes of this section the terms `compensation' and `total compensation' shall include wage loss indemnity and payments for medical expenses. . . ."
However, the analysis of section 443 expressed by Senior Judge Barry in the case of Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press), 137 Pa.Commonwealth Ct. 393, 586 A.2d 500 (1991), accurately states that, because the supersedeas fund consists solely of payments made by the insurers and self-insurers within the Commonwealth, there is "no valid reason for holding that an insurer can recover work loss benefits but cannot recover medical expenses when it is ultimately decided that neither should have been paid." Id., 137 Pa.Commonwealth Ct. at 398, 586 A.2d 500.
Therefore, paid-out medical expenses that are determined to be unreasonable, or unnecessary, do constitute compensation which can be reimbursed from the supersedeas fund. Because the insurance companies can recoup from the fund, we do not need to address the constitutional due process issue.
Accordingly, the board's order with regard to the four cases here appealed is affirmed.

ORDER
NOW, January 28, 1991, the order of the Workmen's Compensation Appeal Board, dated September 14, 1989, *393 Nos. A-96040, A-95908, A-96962 and A-96994, is affirmed as to the four cases which involve Commercial Union Insurance Company and Aetna Life and Casualty Company. The Insurance Company of North America is struck as a respondent from this case.
DOYLE, Judge.
For the reasons stated in my concurring opinion in ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman), 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991), I dissent.
Pellegrini, J., joins in this dissenting opinion.
NOTES
[1] The claimants were Herbert Stanaitis, Michael A. Zigmont, Deborah Lynn Favinger (Commercial Union Insurance Company is the insurer for these claimants' employers) and Leo T. Fulmer (Aetna Life and Casualty Company is the insurer for this claimant's employer).
[2] The claimant in this case was Gail Kline and the employer's insurer was the Insurance Company of North America.
[3] Our order here will strike the Insurance Company of North America as a Respondent from the caption in this case.
[4] The substantive facts of the cases are not in dispute, and the procedural facts are relevant only to set the stage for the production of the same substantive issue before this court.

In the Favinger and Zigmont cases, the employers filed termination petitions which the respective referees ultimately granted. In the Fulmer case the referee granted the employer's modification petition. In all three cases, the employers' previous requests for a supersedeas to terminate or reduce medical expenses were denied. Thus, each employer petitioned for reimbursement from the supersedeas fund, and in each case the referee granted the petition.
The case involving claimant Stanaitis is slightly different procedurally but it does not affect the legal question here presented. In the Stanaitis case a claim petition was granted and included an award of medical benefits. The employer challenged the award, including the medical benefits, by appeal to the board and also sought a supersedeas before the referee which was denied. The board affirmed the referee's grant of compensation benefits and appeal to this Court followed.
On appeal here we vacated the award of medical benefits and remanded for further findings on that point; we affirmed the board in all other respects. Irvin & Schwertner, Inc. v. Workmen's Compensation Appeal Board (Stanaitis), 98 Pa.Commonwealth Ct. 574, 512 A.2d 85 (1986). On remand the insurer's obligation to pay the medical expenses was eliminated. It thus, having previously paid Stanaitis the amount in dispute, petitioned for reimbursement from the fund and the referee granted the petition.
These cases, along with the Kline case, see supra, note 2, were consolidated at the board level. The board, being evenly divided on the question of whether medical expenses could be reimbursed from the supersedeas fund, affirmed the referees and the Commonwealth's petition for review to this Court followed.
[5] Act of June 2, 1915, P.L. 736, as amended. Section 443 was added by section 3 of the Act of February 8, 1972, P.L. 25 (Act 12).
[6] Sections 774.1 and 774.2 were added by section 3 of Act 12 and Section 2 of Act 119 respectively.
[7] Section 430, 77 P.S. § 971, pertains to the effect of an appeal on a lien of judgment.
[8] Section 446, which created the Workmen's Compensation Administration Fund, was added by section 1 of the Act of February 2, 1976, P.L. 2.