627 A.2d 1238

**CRL OF MARYLAND, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HOPKINS,**
**Wellsboro Cemetery Assoc., and Donegal Mutual Insurance**
**Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1993.

Decided June 25, 1993.

Reargument Denied Aug. 3, 1993.

442

Raymond E. Ginn, Jr., for petitioner.

James T. Rague for respondent James L. Hopkins.

Paul J. Dellasega for respondents Wellsboro Cemetery Assoc. and Donegal Mut. Ins. Co.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

KELLEY, Judge.

CRL of Maryland, Inc. (employer) appeals from an order of the Workmen's Compensation Appeal Board (board). The board's order reversed in part and affirmed in part a referee's decision that granted James L. Hopkins (claimant) workmen's compensation benefits from June 20, 1989 through July 23, 1989, and found that additional defendant Wellsboro Cemetery Association (Wellsboro) had no liability with regard to claimant's claim petition. We reverse in part and affirm in part.

Claimant was employed by Wellsboro on March 28, 1986, when he suffered a work-related back injury. Claimant was disabled as a result of this injury from March 30, 1986 through April 4, 1986, and from October 1, 1986 through October 14, 1986. Claimant executed a final receipt on December 13, 1986 acknowledging a cessation of disability as of October 15, 1986.

Between October 1986 and June 1989, claimant held at least seven laboring jobs, most of which were in the construction trades and most of which involved heavy lifting. Claimant did not treat for nor was he disabled from low back problems between October 16, 1986 and June of 1989.

In April 1989, claimant was hired by employer as a carpenter. On June 1, 1989, claimant suffered a back injury while jackhammering concrete above his head. Claimant reported this injury to his acting supervisor. Claimant missed one day of work and then returned to work.

Over the course of the next two weeks claimant's pain increased and he sought treatment from his family doctor, Dr. Babb. Thereafter, beginning June 20, 1989, claimant missed work for a period of five weeks. Dr. Babb referred claimant to Dr. Rajjoub who directed claimant to return to work on or about July 24, 1989. Claimant attempted to return to work with employer but no work was offered to him.

On July 24, 1989, claimant filed a claim petition against Wellsboro. However, this petition was voluntarily withdrawn on September 1, 1989 by claimant's counsel.

On September 22, 1989, claimant filed a claim petition against employer and, on October 10, 1989, claimant filed a penalties petition against employer. Employer filed timely answers to both petitions. In addition, employer filed a joinder petition against Wellsboro. Wellsboro filed a timely answer denying the allegations of the joinder petition.

Claimant was the only party to present medical evidence before the referee. After several hearings, the referee made the following conclusions of law:

1. Preliminarily the Referee must determine whether or not the period of limitations set forth in the Act[1] would preclude the entry of an award with respect to the Additional Defendant. (Footnote added.)

2. The Referee specifically concludes that the filing of a Claim Petition against the Wellsboro Cemetery Association on or about July 24, 1989, although later voluntarily withdrawn by the Claimant, when viewed in conjunction with the Petition later filed in September, 1989, and the Joinder Petition filed on January 2, 1990, must be held to toll the period of limitations prescribed by the Act, vis-a-vis Defendant Wellsboro Cemetery Association. See *Bigley v. United Auto Parts, Inc. and WCAB* [496 Pa. 262], 436 A.2d 1172 (Pa.1981).

. . . .

4. After a careful review of the testimony of the Claimant, and, the testimony of Dr. Babb, the Referee must conclude that the Claimant has carried his burden of demonstrating that on June 1, 1989 he suffered an aggravation of a pre-existing chronic low back condition as a result of which he was disabled from June 20, 1989 through July 23, 1989.

5. The Referee must further conclude, however, that there is no substantial competent evidence of record which would allow for an award of disability on and after July 24, 1989.

6. To the contrary, the Referee must conclude that, through the testimony of the Claimant himself, the Claimant was released to return to work as of July 24, 1989 and that the exacerbation/aggravation type injury, as of July 24, 1989, would have been at an end.

7. There is no competent medical opinion evidence of record to demonstrate a causal relationship between the Claimant's period of disability between June 20, 1989 and July 23, 1989 and the Claimant's admitted work injuries

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

while employed by the Additional Defendant Wellsboro Cemetery Association in 1986.

8. It is clear, of course, that the Claimant never attempted to link his period of disability in 1989, and thereafter, to the 1986 work injury. He submitted no testimony or evidence to indicate that the Final Receipt was in error or procured by fraud or overreaching. Nor did the Claimant testify that he continued to have low back pain and other symptoms on or about the date when the Final Receipt was executed.

9. The Claimant withdrew his own Petition against the Additional Defendant.

10. Defendant CRL attempted to demonstrate some causal connection between the Claimant's disability in 1989, and, thereafter, and the work injuries in 1986 through the report of Dr. Rajjoub. However, the Referee has determined that the medical opinion on causation contained within that report is hearsay and therefore does not constitute substantial competent evidence upon which Findings and Conclusions may be entered.

11. The Referee concludes that the medical opinion rendered by Dr. Babb, with regard to the occurrence of a work injury on June 1, 1989 was unequivocal, and, was rendered to a reasonable degree of medical certainty.

12. Dr. Babb clearly opined that the Claimant suffered an exacerbation of pre-existing low back disease as a result of the jackhammer incident of June 1, 1989.

13. However, the Referee is not persuaded or convinced by the testimony of Dr. Babb that this exacerbation would have resulted in a period of disability beyond July 24, 1989. Further, the Referee concludes that Dr. Babb's opinion with regard to the extent of disability was not unequivocal, or competent, or persuasive.

14. Dr. Babb saw the Claimant on only two occasions in June of 1989. He specifically stated that he did not know whether or not he could agree or disagree with Dr. Rajjoub's return to work slip directing the Claimant to

return to his time of injury job as of July 24, 1989. He seemed to have referred the Claimant to Dr. Rajjoub, after June 1989, for further care. Moreover, Dr. Babb did not specifically opine as to whether or not the exacerbation type injury actually resulted in the disc herniations disclosed by the MRI scan, or any other specific pathology.

. . . .

17. The Referee has determined that the testimony of the Claimant himself, and, the acknowledged return to work ordered by Dr. Rajjoub, i.e. acknowledged by the Claimant and Dr. Babb, allows for the conclusion that the Claimant's exacerbation of his chronic low back problems had ended as of July 23, 1989, the opinion of Dr. Babb notwithstanding. (See Claimant's Exhibit # 1)

18. On balance, therefore, although it can be fairly determined from Dr. Babb's opinion that he believed the Claimant to be disabled from the date of his first examination on June 20, 1989 as the result of a June 1, 1989 work injury, the Referee was not persuaded by Dr. Babb's broad but factually unsubstantiated statement that the Claimant was never likely to recover completely from this exacerbation.

19. Rather, the Referee believes that the testimony of the Claimant, Dr. Babb, and the inferences from Claimant's Exhibit No. 1 allow for the conclusion that the Claimant was disabled only from June 20, 1989 through July 23, 1989, as a result of the June 1, 1989 exacerbation injury.

. . . .

24. Additional Defendant Wellsboro Cemetery Association has no liability with regard to this Claim Petition.

. . . .

27. The Referee accepted the testimony of the Claimant as credible to the extent that he suffered a work injury on June 1, 1989, and a period of disability commencing June 20, 1989 and ending July 23, 1989.

28. Effective July 24, 1989, the Claimant's benefit entitlement must be terminated.

29. There is no basis for the imposition of penalties against either Defendant.

Both the claimant and Wellsboro appealed the referee's decision to the board. On appeal to the board, claimant argued that the referee capriciously disregarded the competent testimony of Dr. Babb which supports a conclusion that claimant's aggravation of his back injury had not resolved as of July 23, 1989. Wellsboro asserted on appeal to the board that the referee erred in not dismissing the petition to join additional defendant filed against Wellsboro as being under the applicable statute of limitations.

The board agreed with both claimant's and Wellsboro's assertions. Accordingly, the board reversed the decision of the referee, in part to delete the paragraph of the referee's order that terminated claimant's benefit entitlement effective July 24, 1989, because the burden of proof for termination was not met. In addition, the board amended the decision and order of the referee to dismiss Wellsboro because employer's petition to join Wellsboro was barred under the applicable statute of limitations. In all other respects, the board affirmed the decision of the referee. Employer now appeals to this court.

On appeal to this court, employer presents three issues for our review which we address in the following order:

Issue I: Whether the referee's finding and conclusion that the opinion of Dr. Babb with regard to the extent of disability was not unequivocal, or competent, or persuasive was a capricious disregard of competent evidence.

Issue II: Could the referee properly conclude that claimant experienced a closed period of disability based upon the testimony of claimant and evidence from his physician, Dr. Rajjoub, that claimant could return to work without any physical restriction and thereby enter an order of termination of benefits at the expiration of the closed period.

Issue III: Whether the board committed error in dismissing Wellsboro as an additional defendant based upon the three year statute of limitations under the facts of this case.

## ISSUE I

██ This court employs the capricious disregard scope of review in cases where the board acts in an appellate capacity when reviewing the referee's decision and the burdened party is the only party to present evidence and does not prevail before the fact finder. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 618, 587 A.2d 49, 52 (1991). The capricious disregard standard poses the inquiry of whether the fact finder capriciously disregarded competent evidence. *Czap*, 137 Pa.Commonwealth Ct. at 616, 587 A.2d at 51. Capricious disregard of competent evidence is the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986).

██ Employer argues that the referee's finding and conclusion that Dr. Babb's testimony with regard to the extent of claimant's disability was not unequivocal or competent or persuasive was a capricious disregard of competent evidence by the board. Initially, this court must determine if Dr. Babb's testimony with regard to the extent of claimant's disability was equivocal.

██ The equivocality of a medical opinion is a question of law and fully reviewable by this court. *Carpenter Technology v. Workmen's Compensation Appeal Board (Wisniewski)*, 144 Pa.Commonwealth Ct. 72, 600 A.2d 694 (1991). Equivocality is judged upon a review of the entire testimony. *Id.* In conducting this review, we are mindful of our admonition in *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa.Commonwealth Ct. 202, 465 A.2d 132 (1983), that to be unequivocal, every word of medical testimony does not have to be certain, positive, and without reservation or semblance of doubt. After carefully reviewing Dr. Babb's testimony with regard to the extent of claimant's disability, we conclude that the testimony is equivocal.

Dr. Babb testified briefly about the extent of claimant's disability. That testimony was as follows:

Q Okay. I'll phrase it this way, Doctor: Do you have an opinion within a reasonable degree of medical certainty as to whether or not Mr. Hopkins could have returned to his employment with CRL of Maryland in late July of 1989?

MR. GINN: Same objection.

A I don't know. You know, I kept him out of work until he was going to see Dr. Rajjoub, just to be sure that he didn't cause any further damage to his back.

BY MR. RAGUE:

Q Doctor, as we sit here today, do you have an opinion within a reasonable degree of medical certainty as to whether or not the Claimant, Mr. Hopkins, would have completely recovered from the acute exacerbation which he experienced on June 1, 1989?

MR. GINN: Same objection.

A No, I don't think he would have. He would never completely recover from this, short of maybe an operation. He's probably always going to have problems with his back.

Reproduced Record (R.) at 190a.

Dr. Babb never testified with the required degree of medical certainty that claimant could or could not have returned to work for employer on July 24, 1989. Dr. Babb testified that he did not know. Furthermore, when asked if claimant would have completely recovered from his June 1, 1989 injury, Dr. Babb stated that he would never completely recover from it short of surgery; however, Dr. Babb never testified that the fact that claimant was not completely recovered would have prevented claimant from returning to work for employer at the end of July 1989.

Accordingly, since Dr. Babb's testimony with respect to the extent of claimant's disability was equivocal, the referee did not capriciously disregard competent evidence by rejecting the testimony of Dr. Babb with respect to the extent of claimant's disability.

## ISSUE II

█ Next, employer argues that the claimant's own testimony that he was released to return to work on July 24, 1989 and the evidence submitted by claimant, specifically the work slip given to claimant by Dr. Rajjoub releasing claimant to return to his pre-injury job on July 24, 1989, is sufficient to overcome the presumption of total disability. We agree.

█ In a workmen's compensation case, the claimant has the burden of establishing all the elements necessary to support an award. *Ruhl v. Workmen's Compensation Appeal Board (Mac–It Parts, Inc.),* 148 Pa.Commonwealth Ct. 294, 611 A.2d 327 (1992). However, once disability under The Workmen's Compensation Act (Act) has been established, it is the burden of the employer to establish that disability has ceased. *Davis v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 339, 433 A.2d 627 (1981).

█ While the burden shifts to the employer to show cessation of disability, it is well settled that admissions against interest freely and voluntarily made are admissible. *Logue v. Gallagher,* 133 Pa.Superior Ct. 570, 3 A.2d 191 (1938). Such admissions are of high evidentiary value. *Id.*

While employer in this case did not submit any medical evidence to support cessation, this court believes that claimant's admissions and introduction of evidence that he was released to return to his pre-injury job on July 24, 1989 supports the referee's determination that claimant's disability terminated on July 23, 1989. The referee in this case found credible the testimony of claimant that he was released to return to work by Dr. Rajjoub on July 24, 1989.[2] In addition,

2. Claimant in this case testified as follows:
   Q. Well, did Dr. Rajjoub ever release you to return to work?
   A. Yes, he did.
   Q. And I will show you what I will mark as C–1. I show you what I have marked as C–1 and ask you if you could identify that, please?
   A. Yes.
   Q. And what is that?
   A. That is a return to work slip.
   Q. And what [sic] that provided to you by Dr. Rajjoub?
   A. Yes, it was.

claimant introduced the work slip given to him by Dr. Rajjoub as Exhibit No. 1 before the referee.

Accordingly, the referee properly concluded that claimant experienced a closed period of disability and correctly ordered the termination of claimant's benefit entitlement arising out of the June 1, 1989 exacerbation type injury effective July 24, 1989.

## ISSUE III

■ Finally, employer argues that the board erred in dismissing Wellsboro as an additional defendant based upon the Act's three year statute of limitations under the facts of this case. In this case, Wellsboro paid certain medical expenses related to claimant's 1986 work-related injury subsequent to the signing of the final receipt by claimant.

Section 434 of the Act contains a three year statute of limitations regarding an employer's liability to pay compensation under a compensation agreement notice or award. 77 P.S. § 1001. Employer contends that this court should hold that the payment of medical expenses constitutes payment of compensation under section 434 of the Act; therefore, any payment of medical expenses tolls the three year statute of limitations under the Act. We disagree.

This case is controlled by this court's reasoning and holding in *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986). In *Fuhrman*, this court held that the three year statute of limitations contained in section 434 is wholly inappli-

. . . .
Q. And what date did Dr. Rajjoub or his assistant indicate that you could return to work?
A. The 24th of July.
. . . .
Q. ... of 1989? And Dr.—who released you to return to work?
A. Dr. Rajjoub.
Q. And he didn't place any restrictions on you?
A. No.
R. at 40a–41a; 66a–67a.

cable to an employer's liability for payment of medical services.

As pointed out in *Fuhrman*, the determination that the word "compensation" as employed in various sections of the Act does include payment of medical services has been made on a section by section basis, and this court has never stated categorically that it is true for every section of the Act. *Fuhrman*, 515 A.2d at 332. Therefore, employer's suggestion that this court should determine that the word compensation in section 434 of the Act includes the payment of medical expenses based on the holdings of this court in *Department of Labor and Industry, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Commercial Union Insurance Company)*, 137 Pa.Commonwealth Ct. 387, 586 A.2d 496 (1991) [3] and *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines)*, 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991) [4] is rejected.[5]

Accordingly, the board did not err is dismissing Wellsboro as an additional defendant because the employer's petition to join was barred by the three year statute of limitations contained in section 434 of the Act.

The order of the board is reversed insofar as it directed the deletion of paragraph 8 of the referee's order granting the termination of claimant's benefit entitlement as of July 24, 1989. In all other respects, the order of the board is affirmed.

**3.** In *Department of Labor and Industry*, we held that paid out medical expenses in a workers' compensation case that are determined to be unreasonable, or unnecessary, constitute "compensation" under section 443 of the Act, 77 P.S. § 999, for which the insurer can be reimbursed from the supersedeas fund. *Department of Labor and Industry*, 137 Pa.Commonwealth Ct. at 392, 586 A.2d at 499.

**4.** In *Koszowski*, we held that medical expenses may be part of the attorney's fee under section 442 of the Act, 77 P.S. § 998. *Koszowski*, 141 Pa.Commonwealth Ct. at 261, 595 A.2d at 702.

**5.** *See Paolis v. Tower Hill Connellsville Coke Co.*, 265 Pa. 291, 108 A. 638 (1919) and *Artman v. Workmen's Compensation Appeal Board (St. Paul's Home)*, 107 Pa.Commonwealth Ct. 341, 528 A.2d 684 (1987), *petition for allowance of appeal denied*, 517 Pa. 619, 538 A.2d 501 (1988).

## ORDER

NOW, this 25th day of June, 1993, the order of the Workmen's Compensation Appeal Board, dated August 27, 1992, at No. A92–0085, is reversed in part to reinstate paragraph 8 of the referee's order granting the termination of John L. Hopkin's benefit entitlement effective July 24, 1989, and affirmed in all other respects.