**VIWINCO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Horner), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 1995.
Decided March 15, 1995.
Reargument Denied May 8, 1995.

---

Frederick W. Ulrich, for petitioner.

Karl P. Voigt IV, for respondent.

Stephen J. Harlen, for intervenor/respondent Reliance Ins. Co.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Viwinco (Employer) and Cigna Property and Casualty Company (Cigna) appeal from an order of the Workmen's Compensation Appeal Board (Board) which amended and affirmed an order of the referee dismissing United Pacific Insurance Company/Reliance (Reliance) as a defendant in this case and ordering Cigna to pay medical bills, attorney fees and penalties, following hearings on a claim petition filed by Gavin J. Horner

(Claimant). We reverse in part and vacate and remand in part.

Claimant is employed as a supervisor for Employer, a manufacturer and distributor of vinyl replacement windows; his duties include paperwork as well as physical labor. Before Claimant assumed that position in June, 1992, Claimant worked for Employer as a line leader and was responsible for cutting materials, manufacturing, final assembly and quality control.

During the period from March 1, 1989 through September 4, 1991, Claimant sustained four work-related injuries.[1] The first injury occurred on March 1, 1989, at which time Cigna was Employer's insurer. Claimant sustained additional injuries on May 16, 1989, March 27, 1991 and September 4, 1991, while Employer was insured by Reliance.[2] Each injury caused harm to one or both of Claimant's knees. However, Claimant did not miss any time from work.

On December 5, 1991, Employer filed a Notice of Compensation Denial, indicating that an injury alleged to have occurred on May 16, 1989 was chronic in nature and not causally related to Claimant's employment.[3]

On March 31, 1992, Claimant filed a claim petition alleging that he sustained an injury or an aggravation of a pre-existing condition to his left knee on September 4, 1991. Claimant sought acknowledgment of a work-related injury, payment of unspecified medical bills, and attorney fees.[4]

Employer filed an answer denying the allegations in the petition and subsequently filed a petition to join Cigna as an additional defendant. The petition for joinder alleged that Claimant's injury of March 1, 1989, which occurred during the period of Cigna's insurance coverage, was the cause of the injury of September 4, 1991. Claimant then filed a petition for penalties against Cigna, alleging that Cigna had violated Section 406.1 of the Act, 77 P.S. 717.1, by failing to timely acknowledge or deny liability for Claimant's reported injury of March 1, 1989.[5] The petition also sought counsel fees based on Cigna's alleged unreasonable contest.

At hearings before the referee, Claimant provided the following account of his four injuries. On March 1, 1989, Claimant was cutting plywood on a saw. The plywood jammed against a rail, kicked back and struck Claimant in his right hip. Claimant's legs crossed and he fell to the floor on his knees. Claimant had bruises on both knees and experienced some soreness in both knees for a couple of weeks, after which he had no complaints. Claimant stated that although he had sustained a bruise on his left knee, soreness and tenderness persisted in his right knee. Claimant specifically described the March 1, 1989 injury as an injury to his right knee.

On May 16, 1989, Claimant bent down and sprained his left knee. Claimant stated that this was the first injury to his left knee and that problems with his left knee began after this incident.

On March 27, 1991, Claimant was again cutting a piece of plywood which slipped, hit the floor, bounced up and hit Claimant directly on the right kneecap.

1. We use the term "injury", as used in common speech, to mean any harmful or damaging effect which may be suffered by anyone. *See Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.)*, 514 Pa. 450, 525 A.2d 1204 (1987).

2. Cigna provided insurance coverage for Employer from May 1, 1988 to May 1, 1989, and Reliance provided insurance coverage from May 1, 1989 to May 1, 1992.

3. The record does not indicate what prompted Employer to issue this notice.

4. As Claimant had not missed any time from work he did not seek compensation for lost wages. The record contains remarks from Claimant's attorney indicating that Claimant, in anticipation of future medical expenses, desired to conclusively establish Employer's liability for the injury of September 4, 1991, before the expiration of the three year statute of limitations set forth at Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 726 *as amended*, 77 P.S. § 602.

5. Section 406.1 of the Act requires an employer to commence payment of compensation due or deny liability for compensation within twenty-one days of having notice or knowledge of the employee's disability.

On September 4, 1991, Claimant's left knee "went out" on him; he was unable to support his weight and fell to the ground.

The parties presented medical evidence by way of reports. Cigna introduced two reports by A.L. Brenner, M.D., at Med Center 100, who examined Claimant after each injury. Dr. Brenner's report of March 1, 1989 reflects a diagnosis of (1) contusion of the right hip and (2) sprain of the right knee. His report dated September 9, 1991 reflects a diagnosis of a sprain to the left knee and a referral to Daniel Zimet, M.D. Reports from Dr. Brenner concerning the two intervening injuries are not contained in the record.

Cigna also presented the report of Dr. Zimet, an orthopedic surgeon, who examined Claimant on September 16, 1991 and July 28, 1992. Dr. Zimet stated that he reviewed Med Center 100's reports dated March 1, 1989, May 16, 1989 and September 9, 1991, as well as x-rays of both knees and an MRI of the right knee. Dr. Zimet reviewed Claimant's injuries based on the history provided by Claimant. Dr. Zimet's report describes the injury of March 1, 1989 as an incident where Claimant was struck in the right knee cap; the second incident of May 16, 1989 is described as involving the highest level of impact of the four injuries, resulting in complaints of pain and giving way in the left knee; the incident of March 27, 1991 is described as an exacerbation of left knee pain due to twisting; and the last incident, erroneously dated August 21, 1991 is described as an episode of giving way.

Dr. Zimet diagnosed Claimant as suffering from (1) torn medial meniscus, left knee and (2) chondromalacia patella (a form of post traumatic focal arthritis), both knees. Dr. Zimet concluded, based on the mechanisms of the injury and with a reasonable degree of medical certainty, that (1) the torn meniscus of the left knee was caused by the injury of May 16, 1989; the tear extended on [September 4] 1991; (2) the chondromalacia of the left knee is related to the May 16, 1989 injury; and (3) the chondromalacia of the right knee is related to both the March 1, 1989 and May 16, 1989 incidents.

Reliance submitted two reports by Karl Rosenfeld, M.D. The first report, dated October 11, 1991, apparently followed Dr. Rosenfeld's examination of Claimant, although the report does not indicate the date of Claimant's visit. Dr. Rosenfeld did not review the x-rays of Claimant's knees or the MRI of Claimant's right knee and the report does not indicate that Dr. Rosenfeld reviewed the records of Dr. Brenner. Dr. Rosenfeld's report refers to only one of Claimant's four injuries, the first "plywood" injury, which Dr. Rosenfeld states occurred on or around May of 1989; his description of Claimant being struck in the right hip indicates that Dr. Rosenfeld was referring to the incident on March 1, 1989.

Dr. Rosenfeld states the Claimant had significant patellofemoral findings, much worse on the left than on the right. Dr. Rosenfeld diagnosed Claimant as having significant chondromalacia patella and recommended physical therapy and anti-inflammatory drug therapy, possibly to be followed by surgery and/or arthroscopic evaluation of one or both knees. In his report dated April 10, 1992, Dr. Rosenfeld opined that Claimant's "knee problem" began with the incident of May, 1989, although, again, he most likely meant March of 1989. (R.R. 73a.)

The referee found that the injury of September 4, 1991 was a recurrence of the March 1, 1989 injury. The referee dismissed Reliance as a defendant and ordered Cigna to pay all medical costs incurred by Claimant for the March 1, 1989 injury and the three injuries which followed. The referee granted Claimant's penalty petition and ordered Cigna to pay a penalty and attorney fees based on quantum meruit for its violation of the Act. Finally, the referee found Cigna's contest to be unreasonable and ordered Cigna to pay attorney fees of 20% of the compensation and medical expenses awarded.

Cigna appealed to the Board, alleging that the referee committed numerous errors of law, that findings of fact are not supported by substantial evidence, and that all claims against Cigna relating to the March 1, 1989 injury, including the penalty petition, are time barred under Section 315 of the Act, 77 P.S. § 602. That section provides in pertinent part that

[A]ll claims for compensation be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

The Board agreed that Claimant was barred from recovering medical bills for the March 1, 1989 injury and amended the referee's order to exclude those items. The Board affirmed the referee's order in all other respects.[6] Although the Board concluded that Claimant's right to recover compensation with respect to the March 1, 1989 injury was extinguished, the Board also concluded that Cigna was liable for expenses related to the subsequent injuries, which the Board described as recurrences of the March 1, 1989 injury, stating that those subsequent injuries were separate and distinct occurrences for purposes of the statute of limitations.

On appeal to this Court,[7] Cigna argues (1) that the Board erred in alternatively holding that the injuries occurring after March 1, 1989 were recurrences for purposes of determining liability but were separate occurrences for purposes of the time bar under the Act; (2) the evidence of record does not support a finding or conclusion that the subsequent injuries were a recurrence of the March 1, 1989 injury; (3) the joinder petition and the penalty petition were time barred; and (4) the penalty petition and requests for attorney fees were improperly granted and lacked a basis for calculation.

Initially, we note that the referee made no determinations of credibility regarding Claimant or Dr. Brenner.

## ADDITIONAL DEFENDANT CIGNA

■ The three-year limitation in Section 315 of the Act applies to medical benefits.

6. In its opinion, the Board agreed with Cigna that the petition for penalties was also time barred; however, the Board did not reverse the award of penalties in its order.

7. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of

*Berwick Industries v. Workmen's Compensation Appeal Board (Spaid)*, 537 Pa. 326, 643 A.2d 1066 (1994); *Bellefonte Area School Dist. v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Commonwealth Ct. 304, 627 A.2d 250 (1993), *affirmed* 538 Pa. 618, 645 A.2d 1321 (1994). Moreover, the time period for filing compensation claims commences with the date of the original injury; it is not calculated from the dates of subsequent injuries, even if the subsequent injuries are causally related to the original work-related injury. *Smith v. Workmen's Compensation Appeal Board (Pacesetter Systems, Inc.)*, —— Pa.Commonwealth Ct. ——, 482 A.2d 1381 (1984).

■ Accordingly, the referee erred as a matter of law in concluding that Cigna was liable for medical expenses related to Claimant's March 1, 1989 injury, including the medical expenses resulting from recurrences of that injury.

As claims relating to the March 1, 1989 injury are time barred, the referee also erred in (1) granting the petition for joinder, (2) granting the penalty petition against Cigna and (3) ordering Cigna to pay medical bills and attorney fees.[8]

## DEFENDANT RELIANCE

The referee disregarded Dr. Zimet's report, which pinpointed the incident of May 16, 1991 as the cause of the injury to Claimant's left knee. The referee determined that Dr. Zimet's opinion was equivocal on the issue of causation because Dr. Zimet failed to make reference to the fact that Claimant bruised his left knee on March 1, 1989.

■ Whether or not medical testimony is equivocal is a question of law, reviewable by this Court. *Boring v. Workmen's Compensation Appeal Board (Combustion Engi-*

fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

8. Having determined that the awards of penalties and attorney fees were in error, we need not address Employer's arguments regarding the calculation of those awards.

*neering, Inc.)* 157 Pa.Commonwealth Ct. 277, 629 A.2d 287 (1993). A medical witness' testimony must be reviewed as a whole. *Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985).

■ Dr. Zimet rendered his opinion regarding the cause of Claimant's injuries to both knees with a reasonable degree of medical certainty and based his opinion on a complete review of Claimant's medical records, an examination of Claimant and the history of injuries as related by Claimant. Accordingly, we cannot agree with the referee's conclusion that Dr. Zimet's report was predicated upon an insufficient history of Claimant's injuries and was, therefore, equivocal. We are, of course, mindful that it is the referee's prerogative to determine the credibility and weight to be accorded evidence. *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.),* 161 Pa.Commonwealth Ct. 497, 637 A.2d 711 (1994). In this case, however, it is clear that the referee erred as a matter of law in disregarding Dr. Zimet's opinion on the grounds that it was equivocal.

■ The referee accepted the reports of Dr. Rosenfeld as credible and persuasive and as the basis for the referee's finding that Claimant's September 4, 1991 injury was a recurrence of his March 1, 1989 injury. These reports indicate that Dr. Rosenfeld did not review any of Claimant's medical records and they make no reference to the effect, if any, of Claimant's intervening injuries. Accordingly, we conclude that Dr. Rosenfeld's opinion lacks a factual basis and is thus insufficient evidence to support a finding on the issue of causation. *See Spring Gulch Campground v. Workmen's Compensation Appeal Board (Schneebele),* 148 Pa.Commonwealth Ct. 553, 612 A.2d 546 (1992), *petition for allowance of appeal denied,* 533 Pa. 620, 619 A.2d 701 (1993).

The referee found that Claimant's injury of May 16, 1989 caused lingering symptoms in both knees. (Finding of Fact No. 8.) However, the referee fails to identify this injury as either a new injury, an aggravation, or a recurrence of a prior injury to either knee. Similarly, the referee found that on March 27, 1991, Claimant was injured when a piece of plywood struck his right knee, but again

did not identify the type of injury involved. (Finding of Fact No. 9; Conclusion of Law No. 4.)

■ Appellate review is dependent on sufficiently detailed findings of fact. *Royal Pizza House, Inc. v. Workmen's Compensation Appeal Board,* 40 Pa.Commonwealth Ct. 82, 396 A.2d 884 (1979). We cannot review the decision to dismiss Reliance from the case absent findings that the injuries which occurred during the period of Reliance's coverage were neither new injuries nor aggravations of prior injuries, which are new injuries for purposes of the Act. *Zinc Corp. of America v. Workmen's Compensation Appeal Board (Byers),* 145 Pa.Commonwealth Ct. 221, 603 A.2d 218, *petition for allowance of appeal denied,* 531 Pa. 659, 613 A.2d 563 (1992).

Accordingly, the referee's decision contains findings of fact and conclusions of law which are not supported by substantial evidence, constitute errors of law, and are insufficiently detailed for purposes of appellate review.

We note that the Board's scope of review is the same as this Court's and is generally described in terms of its limitations. Nevertheless, we emphasize that the Board, as a body of appellate review, has a *duty* to examine the evidence of record to determine whether the referee's findings are supported by the same. In this case, the Board's opinion recites the referee's factual findings, but makes no reference to evidence which supports those findings. In light of the foregoing discussion, we conclude that the Board failed to fulfill its duty of appellate review in this case.

Based on the foregoing analysis, we agree with the arguments presented by Employer and Cigna on appeal. Accordingly, we reverse the Board's decision with respect to Cigna; we vacate that portion of the Board's opinion relating to the dismissal of defendant Reliance and we remand the matter to the Board with instructions to remand to the referee for findings of fact and conclusions of law which are supported by substantial competent evidence and are sufficiently detailed for purposes of meaningful appellate review

in order to determine the liability, if any, of defendant Employer and defendant Reliance.

## ORDER

NOW, March 15, 1995, the order of the Workmen's Compensation Appeal Board, dated August 19, 1994, at No. A93–2144, is reversed in part and Cigna is hereby dismissed as a defendant in this case. We vacate the order dismissing defendant Reliance and remand the case for a determination of the liability of defendant Employer and defendant Reliance.

Jurisdiction relinquished.