IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Jordan,                                          :
                         Petitioner                   :
                                                      :
                      v.                                   :   No. 621 C.D. 2024
                                                      :   Argued: April 8, 2025
Lost Forest Development, LLC,             :
State Workers' Insurance Fund,             :
Lace Building Affiliates, LP,                   :
Scranton Lace Building, LLC, and          :
SCE Environmental Group, Inc.             :
(Workers' Compensation Appeal Board), :
                             Respondents                 :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
                      HONORABLE STACY WALLACE, Judge
                      HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY SENIOR JUDGE LEAVITT            FILED:  August 19, 2025


         Frank Jordan (Claimant) petitions for this Court's review of an adjudication of the Workers' Compensation Appeal Board (Board) that dismissed his petition to join Lace Building Affiliates, LP (Lace Building), Scranton Lace Building LLC (Scranton Lace), and SCE Environmental Group, Inc. (SCE), to his claim for workers' compensation benefits.  Claimant alleges that Lace Building, Scranton Lace, and SCE were the general contractors for the project on which he was injured and, as such, statutory employers under Section 302(a) of the Workers' Compensation Act (Act).[1]  In dismissing Claimant's petition, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that because Claimant's joinder petition was filed after the expiration of the three-year statute of limitations in Section 315 of the Act, 77 P.S. §602, it was untimely.  The Board also affirmed

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §461.

the WCJ's decision dismissing the State Workers' Insurance Fund (SWIF) from the case for the stated reason that it had cancelled the insurance coverage of Lost Forest Development, LLC (Employer), named as defendant in the claim petition, before the date of Claimant's injury.

On appeal, Claimant argues that the Board erred because he filed his claim petition, which named the alleged statutory employers, before the statute of limitations had run. The joinder petition merely amended the claim petition. Claimant also argues that the Board's dismissal of SWIF was premature because Claimant had not completed discovery on whether SWIF's cancellation of workers' compensation coverage was legally effective. Upon review, we reverse in part and vacate in part the Board's adjudication and remand the matter to the Board for further proceedings.

### Background

On May 2, 2022, Claimant filed a claim petition alleging that on May 3, 2019, when he was employed as a laborer by Employer, he sustained a work-related injury to his left shoulder that required surgery. The claim petition alleged that the incident occurred during the demolition of the Scranton Lace Factory and that Lace Building, Scranton Lace, and SCE had subcontracted with Employer to work on this demolition. In the section of the claim petition form entitled "Defendant/Employer Information[,]" Claimant responded "Lost Forest Development LLC." Reproduced Record at 4a (R.R. __). In the section entitled "Wage and Additional Employment Information[,]" Claimant responded as follows:

> **14. Did the Claimant/Employee have any additional employment at the time of injury/onset of disease?:** Yes.
>
> **14a. If Yes, please add all additional Employers:**
>
> Lace Building [ ], Scranton Lace [ ] and/or SCE [ ], all with an office or place of business located at 1380 Mt. Cobb Road,

2

Jefferson [Township,] PA, are the statutory employer of the Claimant pursuant to the [ ] Act and liable to Claimant under the [A]ct in the event that [Employer] does not/did not have Pennsylvania Workers' Compensation insurance and was not a qualified self insurer at the time of Claimant's injury, as [C]laimant has been led to believe by [SWIF], which advised him that it had provided such insurance coverage to [Employer], but had terminated coverage due to non-payment of premium prior to Claimant's injury, although it had received but refused a partial payment of premium from [Employer], after termination of the policy.

R.R. 5a (bold in original). Claimant served the claim petition on Lace Building, Scranton Lace, and SCE, as well as Employer and SWIF. R.R. 6a.

On May 3, 2022, the Department of Labor and Industry (Department) issued a notice of assignment that identified only Employer and SWIF as defendants and required them to file an answer within 20 days. SWIF filed an answer on May 11, 2022, denying that it insured Employer or any of the alleged statutory employers as of May 3, 2019, when the alleged work injury occurred.

On May 24, 2022, Claimant re-served the claim petition on Lace Building, Scranton Lace, and SCE, along with the Department's notice of assignment and SWIF's answer. Claimant also served subpoenas on Lace Building and Scranton Lace.

On June 15, 2022, Claimant filed a petition to join Lace Building, Scranton Lace, and SCE. The petition stated that it requested their joinder for the following reasons:

The above Additional Defendants were Claimant's Statutory Employers when he was injured at work, named as such in his Claim Petition and served with the Petition and later filings by Claimant. *They assert an inability to respond in [the Workers' Compensation Automation and Integration System (WCAIS)], due to system constraints. Joinder should fix that.* Claimant has

3

no access to their [federal employer identification numbers (FEINs)].  No hearings held.

R.R. 23a (emphasis added).

On July 7, 2022, the WCJ held a hearing.  Lace Building and Scranton Lace objected to the joinder petition as untimely.  They asserted that the claim petition, which was timely filed, did not toll the statute of limitations as to them.  SCE raised the same objection.  SWIF alleged that as of May 3, 2019, it did not insure Employer.

Claimant offered into evidence, *inter alia*, the application for a demolition permit submitted to the City of Scranton (City) that listed the property owner as Lace Building.  Claimant also offered the City's letter denying Claimant's Right-to-Know Law[2] request for the certificate of workers' compensation insurance coverage provided to the City by the contractor or subcontractor doing the demolition of the Scranton Lace Factory.  The City's letter stated that the document did not exist or was not in the custody or control of the City.  Claimant also offered SWIF's underwriting file on Employer indicating that SWIF had issued a certificate of insurance to Lace Building, which is located in the City.  However, SWIF did not issue a certificate to the City.  The file also contained letters of October 28, 2019, and November 19, 2019, in which SWIF informed Employer that its account was delinquent and that a premium balance of $84,047 was owed.

SWIF offered a printout of its policy history with Employer.  It showed a SWIF policy covering Employer, which ran from June 27, 2018, to June 27, 2019, and a policy cancellation date of April 21, 2019.  The printout stated that SWIF notified Employer and Lace Building of the policy cancellation.  The printout did not state that SWIF had notified the City.

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

4

On July 13, 2022, the WCJ issued an order that an in-person hearing would be held on October 20, 2022, "*to consider the legal issue regarding coverage raised by [d]efense counsel for any injury that occurred on May 3, 2019, with regard to any carrier responsibility*." R.R. 340a (emphasis added).

At the October 20, 2022, hearing, SWIF stated that it had cancelled Employer's policy on April 21, 2019, weeks before the date of injury. The WCJ then asked Claimant's counsel if he "would agree that the carrier, SWIF, is out." Hearing Transcript, 10/20/2022, at 8-9 (H.T. __); R.R. 309a-10a. Claimant's counsel answered "no" and argued that SWIF is still "on the hook," noting that SWIF did not issue a certificate of insurance to the City, as required by Section 302(e) of the Act, 77 P.S. §462.2.[3] H.T. 9-11; R.R. 310a-12a. As a result, the City was not notified of the policy cancellation and, thus, did not issue a stop-work order to Employer. SWIF's counsel responded that the statute does not state that policy coverage can be reinstated even if the insurer has violated Section 302(e) of the Act.

Counsel for Lace Building, Scranton Lace, and SCE also attended the October 20, 2022, hearing and requested dismissal of the joinder petition as filed outside the three-year statute of limitations.

At the conclusion of the October 20, 2022, hearing, the WCJ ordered "mandatory mediation." H.T. 29; R.R. 330a. He stated that "[i]f you don't settle it, you're going to give me a brief and I'm going to issue a decision. *We're going to bifurcate*." H.T. 32; R.R. 333a (emphasis added).

On October 31, 2022, the WCJ issued an order, noting that the parties "have scheduled a voluntary mediation" with another WCJ, and stating that

> [s]hould the mediation prove unsuccessful, *an interim briefing schedule will issue with regard to the pending motions to dismiss*

---

[3] Added by the Act of July 2, 1993, P.L. 190.

*the additional Defendants identified in the Joinder Petition.* A ruling on the motions will follow, after which a final hearing will be scheduled.

R.R. 343a (emphasis added).

On January 17, 2023, the WCJ issued another order stating that "an interim briefing schedule *on the Joinder Petition* shall issue on February 13, 2023." R.R. 346a (emphasis added). That order required briefs from all parties by April 28, 2023.[4]

By order of July 3, 2023, the WCJ dismissed SWIF from the proceeding, finding that as of May 3, 2019, the date of Claimant's injury, Employer's policy had been cancelled for non-payment of premium. The WCJ also dismissed Lace Building, Scranton Lace, and SCE. The WCJ found that the claim petition's identification of Lace Building, Scranton Lace, and SCE as statutory employers did not constitute a claim against them, and Claimant did not file separate claim petitions against them within the three-year statute of limitations. Likewise, the joinder petition was filed outside the three-year period and, thus, untimely. Nevertheless, the WCJ acknowledged that had Employer or SWIF filed the joinder petition, it would not have been barred by the statute of limitations.

## Board Adjudication

Claimant appealed to the Board, and it affirmed the WCJ. The Board held that naming Lace Building, Scranton Lace, and SCE in the claim petition did not toll the statute of limitations. The Board explained that "[t]he claim proceeding is captioned as against [Employer]," and, thus, Lace Building, Scranton Lace, and SCE were not listed in the Department's notice of assignment. Board Adjudication,

---

[4] The WCJ's briefing schedule order is not in the certified record, but its terms are recited in Claimant's brief without dispute from the other parties. *See* Claimant Brief at 17.

6

4/24/2024, at 6. Likewise, the joinder petition did not toll the statute of limitations. The applicable regulation requires a joinder petition to be filed "no later than 20 days after the first hearing at which evidence is received regarding the reason for which joinder is sought, unless the time is extended by the judge for good cause shown." 34 Pa. Code §131.36(d). The Board conceded that the joinder petition satisfied the regulation's time requirement, but it concluded that the deadline in Section 315 of the Act, 77 P.S. §602, prevailed over the deadline in the regulation. Claimant filed his claim petition against Employer one day before the expiration of the three-year statute of limitations, and he "could have filed against all named defendants at the time of the original filing." Board Adjudication at 7.

The Board affirmed the WCJ's dismissal of SWIF from the proceeding because SWIF's printout showed that it had cancelled Employer's workers' compensation policy on April 21, 2019. The Board rejected Claimant's argument that SWIF's failure to issue a certificate of insurance to the City under Section 302(e) of the Act, 77 P.S. §462.2, may have rendered SWIF's cancellation of the policy invalid.

Finally, the Board rejected Claimant's assertion that the WCJ's dismissal of SWIF was premature. Although Claimant did not have the opportunity to take testimony from a SWIF representative on the still pending claim against Employer, "[t]he matter was pending for months and the parties, including SWIF, made their positions clear and submitted evidence in support." Board Adjudication at 9.

Claimant petitioned for this Court's review.

7

**Appeal**

On appeal,[5] Claimant raises four issues for our review, which we combine into three for clarity.[6] First, Claimant argues that the Board erred in holding

[5] In reviewing the Board's adjudication, this Court determines whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial evidence. *Stepp v. Workers' Compensation Appeal Board (FairPoint Communications, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[6] Claimant lists the following issues in the Statement of Questions Involved:

> 1. Whether inclusion of a claim against alleged statutory employers, in a timely filed Claim Petition against the direct employer, is sufficient to preserve the claim against them, where they are clearly identified as entities who had contracted with the direct employer and were alleged to be Claimant's statutory employers, who would be liable to him if the direct employer had no insurance, and the Claim Petition was then properly served upon them, as required for service of a Claim Petition. []

> 2. Whether a Petition for Joinder of alleged statutory employers is timely, although more than [three] years post injury, where it is filed by Claimant prior to the First Hearing, contained the same allegations concerning the alleged statutory employers as contained in the timely filed and served Claim Petition and the Joinder Rule applies to any party, permits a Joinder Petition be filed within 20 days after a First Hearing, provides that a Joinder Petition amends the original Claim Petition and the amendment has been found to relate back to the time of filing of the original claim petition. []

> 3. Whether cancellation of coverage by [SWIF] was invalid and it is liable for payment of Workers' Compensation Benefits to Claimant, where it failed to provide a certificate of insurance and notice of the cancellation of the insured Employer's workers' compensation to the [m]unicipality that issued a construction permit to its insured employer, as required by [Section 302(e)(3)-(4) of the Act,] 77 P.S. §462.2(3)[-](4), which would have allowed the municipality to revoke that permit until coverage was reinstated. []

> 4. Whether adjudication of the issue of SWIF's liability was in violation of the rules for [workers' compensation] proceedings and was not ripe for decision as it occurred without a Motion being filed by SWIF, before testimony was taken, without notices of closing the record and without notice that the issue would be decided with the Motions to Dismiss filed by the alleged statutory employers concerning the Joinder Petition. []

Claimant Brief at 4-5. We consider issues three and four together.

that he did not timely file a claim against Lace Building, Scranton Lace, and SCE. Second, Claimant argues that the Board erred in holding that his petition to join Lace Building, Scranton Lace, and SCE to the claim proceeding was untimely under Section 315 of the Act. Third, Claimant argues that the Board erred in affirming the WCJ's dismissal of SWIF prior to completion of discovery. We address these issues *ad seriatim*.

## I. Claim Petition Against the Statutory Employers

In his first issue, Claimant argues that the Board erred in holding that his claim petition was untimely as to Lace Building, Scranton Lace, and SCE. The claim petition specifically identified them as "statutory employer[s]" that may be "liable to Claimant under the [A]ct in the event that [Employer] does not/did not have Pennsylvania Workers' Compensation insurance[.]" R.R. 5a. The claim petition was served on all three putative statutory employers. Neither the Act nor the Department regulations specify a process for pursuing a claim against a statutory employer. However, the Department's regulation generally requires a written petition "in the form prescribed by the Department[]" with "material facts on which a cause of action or defense is based [] stated in a concise and summary form." 34 Pa. Code §131.32(a), (d). This is exactly what Claimant did: he used the claim form prescribed by the Department to name the "three alleged statutory employers[.]" Claimant Brief at 29. There is no rule that he had to file a separate claim petition against each putative statutory employer.

Claimant contends that the Act must be liberally construed in favor of injured workers, and it has been consistently held that the procedural rules governing workers' compensation proceedings are not to be applied with the exactitude required of the Pennsylvania Rules of Civil Procedure. "[I]f a petition alleges facts upon which a party would be entitled to relief under any provision of the Act, the

9

petition will be considered properly filed and will be considered under the appropriate section." Claimant Brief at 29-30 (citing *Pittsburgh Press Company v. Workmen's Compensation Appeal Board (Pecora)*, 475 A.2d 972, 973 (Pa. 1984) (*Pecora*) (holding that labeling a request for reinstatement as a petition to "Set Aside Final Receipt" was acceptable so long as the evidence proved a basis for reinstatement)).

In short, Claimant argues that the claim petition "was effective in preserving" his claim against Lace Building, Scranton Lace, and SCE, particularly since they were served with the claim petition. Claimant Brief at 21.

In response, Lace Building and Scranton Lace argue that Clamant did not file a claim petition against them before the statute of limitations had run. The Department's notice of assignment named only Employer as a defendant. Thus, Lace Building, Scranton Lace, and SCE were not required to file an answer. Claimant "could have and should have" filed a separate claim petition against Lace Building and Scranton Lace when he filed the claim petition against Employer. Lace Building and Scranton Lace Brief at 12-13.[7] Claimant failed to do so.

We begin with the provisions of the Act relevant to the process for pursuing workers' compensation claims. Section 410 of the Act states, in pertinent part, as follows:

> If, after any injury, the employer or his insurer and the employe or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, *the employe or his dependents may present a claim petition for compensation to the department*.

77 P.S. §751 (emphasis added). Section 402 of the Act further provides:

---

[7] SCE has separate counsel. However, its legal position aligns with that of Lace Building and Scranton Lace.

10

All proceedings before any workers' compensation judge, except those for which an informal conference has been applied for as provided by section 402.1, shall be instituted by claim petition or other petition as the case may be or on the department's own motion, and all appeals to the board, shall be instituted by appeal addressed to the board. *All claim petitions, requests for informal conferences and other petitions and appeals shall be in writing and in the form prescribed by the department.*

77 P.S. §711 (emphasis added).

The Department's regulation also addresses the use of petitions. Section 131.31(a) states as follows:

(a) *All proceedings*, except challenges under sections 413(c) and 413(d) of the act (77 P.S. §§774.2[, added by the Act of July 1, 1978, P.L. 692 (regarding suspension of compensation)] and 774.3[, added by the Act of June 24, 1996, P.L. 350 (regarding modification of compensation)]), *shall be initiated by petition*.

34 Pa. Code §131.31(a) (emphasis added). The Department's regulation further states, in pertinent part, as follows:

(a) *Petitions shall be in the form prescribed by the Department.*

(b) Any petition, filed in accordance with this chapter, shall be filed with the Department as prescribed by the form. If there is no applicable Department petition form available, an original of the petition shall be filed with the Department. *The Department will serve a notice of assignment specifying the judge to whom the petition has been assigned. The notice will be served on the parties named in the petition.*

(c) Concurrently with filing the petition with the Department, *the moving party shall serve a copy of the petition on all other parties*, including the insurance carrier, if the insurance carrier is known, and on the attorneys of all other parties, if the attorneys are known.

(d) *The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.*

. . . .

11

34 Pa. Code §131.32 (emphasis added).

The above-cited provisions do not require the filing of a separate claim petition against each potential statutory employer. The rules are rather simple: a claimant who wishes to institute a proceeding before a WCJ shall file a "claim petition or other petition as the case may be," "in writing and in the form prescribed by the department," Section 402 of the Act, 77 P.S. §711, and present "in a concise and summary form," "the material facts on which a cause of action or defense is based[.]" 34 Pa. Code §131.32(d). A single injury does not require multiple petitions.

Lest there be any doubt, the Department's regulation contemplates that a petition can name more than one party. It states, for example, "[t]he Department will serve a notice of assignment specifying the judge to whom the petition has been assigned. *The notice will be served on the **parties** named in the **petition***." 34 Pa. Code §131.32(b) (emphasis and bold added). Likewise, it states that "the moving party shall serve a copy of the **petition** *on all other **parties**, including the insurance carrier*[.]" 34 Pa. Code §131.32(c) (emphasis and bold added).

Here, Claimant filed a claim petition "in writing and in the form prescribed by the department" and stated the material facts "in a concise and summary form." *See* 77 P.S. §711, 34 Pa. Code §131.32(d). That petition named as parties Lace Building, Scranton Lace, and SCE; gave their business address; and alleged that they "are the statutory employer of the Claimant[.]" R.R. 5a. Further, Claimant served the claim petition on Employer, SWIF, Lace Building, Scranton Lace, and SCE, R.R. 6a, and this service complied with 34 Pa. Code §131.32(c) ("the moving party shall serve a copy of the petition *on all other parties*, including the insurance carrier" (emphasis added)).

12

Claimant sufficiently stated a claim against the putative statutory employers, Lace Building, Scranton Lace, and SCE, in his claim petition of May 2, 2022. The Department was required to serve its notice of assignment on all "the parties named in the petition." 34 Pa. Code §131.32(b). Because the Department did not do so, Lace Building, Scranton Lace, and SCE were unable to "respond in WCAIS," which prompted Claimant's joinder petition. R.R. 23a. This problem was occasioned by the Department's failure, not by Claimant.

It has been long established that "the form of the petition filed is not controlling where the facts warrant relief, and that if a claimant is entitled to relief under any section of the Act, his petition will be considered as filed under that section." *Pecora*, 475 A.2d at 973. The forms prescribed for workers' compensation claims are not strictly applied. "If one party effectively puts the adverse party on notice as to the theory of relief which it is seeking, the referee will be authorized to grant the relief requested." *Anzaldo v. Workmen's Compensation Appeal Board (M&M Restaurant Supply Company)*, 667 A.2d 488, 491 (Pa. Cmwlth. 1995) (*Anzaldo*).

In sum, Claimant's claim petition put Lace Building, Scranton Lace, and SCE on notice of his "theory of relief" against them as statutory employers. *Anzaldo*, 667 A.2d at 491, thereby tolling the statute of limitations. The Board erred in otherwise holding.

## II. Timeliness of Joinder Petition

Claimant argues, next, that the Board erred in holding that his joinder petition against Lace Building, Scranton Lace, and SCE did not toll the statute of limitations. Claimant contends that assuming, *arguendo*, his claim petition did not preserve his claim against the alleged statutory employers, his timely filed joinder petition did so. Claimant Brief at 38 (citing *DiLaqua v. City of Philadelphia Fire*

13

*Department (Workers' Compensation Appeal Board)*, 268 A.3d 1, 14 n.17 (Pa. Cmwlth. 2021)). Claimant observes that "even the more stringent rules of pleading in civil actions permit the amendment of complaints after the statute of limitations has run to amplify or clarify a claim or to correct technical defects, where the essential facts supporting the claim exist in the original complaint." Claimant Brief at 38-39.[8] Lace Building, Scranton Lace, and SCE respond that to allow their joinder to the claim proceeding would nullify the statute of limitations.

We begin with a review of the statute of limitations. Section 315 of the Act provides:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or *unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.*

77 P.S. §602 (emphasis added). Here, we consider the timeliness of a joinder petition, on which the Department's regulation states as follows:

> (a) A party desiring to join another defendant to assert a claim relevant to the pending petition may do so as a matter of right by filing a petition for joinder.
>
> (b) A petition for joinder shall set forth the identity of employers and insurance carriers sought to be joined and the reasons for

---

[8] Claimant directs this Court to *Kuisis v. Baldwin-Lima-Hamilton Corporation*, 319 A.2d 914 (Pa. 1974), in which the Supreme Court held that the plaintiff's strict liability claim was timely filed even though the allegations about the defectively manufactured crane were added by amendment after the statute of limitations had run. The Supreme Court found that the original complaint contained allegations sufficient to state an implicit strict liability claim. Likewise, in *Piehl v. City of Philadelphia*, 987 A.2d 146 (Pa. 2009), the Supreme Court held that a complaint's caption could be amended to add the Pennsylvania Department of Transportation, even after the statute of limitations has run. This was because the Department of Transportation had been named throughout the complaint and served with process.

14

joining a particular employer or insurance carrier as well as the specific facts and the legal basis for the joinder.

. . . .

(d) *The petition for joinder form shall be filed with the Department no later than 20 days after the first hearing at which evidence is received regarding the reason for which joinder is sought, unless the time is extended by the judge for good cause shown.*

. . . .

(h) *After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant. The additional defendant is liable to any other party as the judge orders. The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.*

. . . .

34 Pa. Code §131.36 (emphasis added).

In *Sota Construction Services, Inc. v. Workers' Compensation Appeal Board (Czarnecki, Zawilla d/b/a Gorilla Construction)*, 224 A.3d 63 (Pa. Cmwlth. 2019) (*Sota*), this Court considered the application of the statute of limitations in Section 315 of the Act to a joinder petition. *Sota* concerned a claim petition filed against the Uninsured Employers Guaranty Fund (Guaranty Fund) because the employer, a construction company, did not carry workers' compensation insurance. The Guaranty Fund filed a joinder petition against the general contractor to have it held liable as a statutory employer. The claim petition was filed within the three-year statute of limitations, but the joinder petition was filed after the statute of limitations had run. The general contractor moved to strike the joinder petition as untimely, and the WCJ granted the motion. The Board reversed, holding that the joinder petition was timely under 34 Pa. Code §131.36(d).

On appeal, this Court affirmed the Board. It was undisputed that the claim petition was filed within the three-year statute of limitations and that the

15

Guaranty Fund had "20 days after the first hearing" to file a joinder petition. 34 Pa. Code §131.36(d). The Guaranty Fund did so within 13 days after the first hearing at which the claimant testified that he was working for the subcontractor of a general contractor when he was injured. We held that the three-year statute of limitations in Section 315 of the Act did not preclude the joinder petition, explaining that

> under [the general contractor's] rationale, a claimant could file a claim petition against [the Guaranty Fund] on the last day of his three-year time limit to preclude [the Guaranty Fund] from joining any additional defendants. Considering that [the Guaranty Fund] would not have knowledge of the injury before the claim petition was filed, and it would be effectively precluded from joining the additional parties thereafter, [the Guaranty Fund] would have no recourse against the putative liable parties.

*Sota*, 224 A.3d at 67.

Claimant argues that *Sota* is dispositive of the issue of whether his joinder petition was timely. The Board held that *Sota* was distinguishable because the joinder petition was filed by Claimant and not by Employer, as in *Sota*. Unlike *Sota*, Claimant's "delay in filing the [j]oinder [p]etition was not due to learning something new regarding the identities of potential parties at the first hearing or subsequent thereto." Board Adjudication at 7. Claimant could have filed claim petitions against the putative statutory employers when he filed the petition against Employer. We reject the Board's rationale.

Here, the claim petition named Lace Building, Scranton Lace, and SCE, and it contained factual allegations sufficient to establish their liability as statutory employer. The joinder petition was required only because Lace Building, Scranton Lace, and SCE could not file answers in the WCAIS system. This impediment was created by the Department's decision not to serve the notice of assignments on them, as required by 34 Pa. Code §131.32(b). Further, the Board's holding cannot be

16

reconciled with the terms of the regulation, which does not state that only a defendant can join another defendant to a claim proceeding. Rather, it states that "[*a*] *party desiring to join another defendant to assert a claim relevant to the pending petition may do so as a matter of right*[.]" 34 Pa. Code §131.36(a) (emphasis added). Claimant is such "a party" and eligible to file a joinder petition "as a matter of right[.]" *Id.*

Lace Building, Scranton Lace, and SCE argue that *Viwinco v. Workmen's Compensation Appeal Board (Horner)*, 656 A.2d 566 (Pa. Cmwlth. 1995) *(Viwinco)*, and *CRL of Maryland, Inc. v. Workmen's Compensation Appeal Board (Hopkins)*, 627 A.2d 1238 (Pa. Cmwlth. 1993) (*CRL*), support the Board's conclusion. We disagree.

In *Viwinco*, 656 A.2d 566, the claim petition alleged that the claimant sustained a work injury on September 4, 1991. The named employer filed a joinder petition against the former insurance carrier, alleging that the claimant's 1989 injury was the actual cause of the 1991 injury. Because any claim arising from the 1989 injury was time-barred under Section 315 of the Act, this Court concluded that the referee erred in granting the joinder petition. Similarly, in *CRL*, 627 A.2d 1238, this Court found a joinder petition to be untimely because the underlying claim petition was untimely. By contrast, here, Claimant's claim petition naming Lace Building, Scranton Lace, and SCE as having liability for his injury was timely filed. Simply, *Viwinco* and *CRL* are distinguishable and provide no support for the Board's conclusion on the timeliness of Claimant's joinder petition.

Finally, the Board's adjudication cannot be reconciled with the Department's regulation, which authorizes the use of a joinder petition to amend the "original petition." 34 Pa. Code §131.36(h). Claimant's joinder petition contained the allegations and claims against Lace Building, Scranton Lace, and SCE that were

17

contained in the original claim petition. Claimant's joinder petition was an amendment to the claim petition authorized by 34 Pa. Code §131.32(h).

The Board erred in holding that the joinder petition was untimely filed. The joinder petition simply amended the claim petition to correct the Department's error in not sending the notice of assignment to Lace Building, Scranton Lace, and SCE so that they could file responses in the WCAIS system.

### III.  Dismissal of SWIF

In his third issue, Claimant argues that the Board erred in dismissing SWIF from the proceedings for the stated reason that SWIF cancelled Employer's policy on April 21, 2019, for non-payment of premium. Claimant argues that SWIF was required by Section 302(e) of the Act to issue the City a certificate of insurance when the City issued the demolition permit to Employer. SWIF's failure to do so nullified its purported cancellation of coverage. Claimant also argues that the WCJ's decision was premature because he had not completed discovery on SWIF's liability; there was no notice that the record was to be closed; and there was no motion from SWIF requesting its dismissal from the proceeding.

SWIF responds that its dismissal was proper. The Act does not require an insurer to notify every municipality about the status of the workers' compensation coverage of a contractor to whom the municipality has issued a permit.[9]  It also argues that a municipality must be notified of a policy cancellation only where the insurer has issued a certificate to the municipality. *See* Section 302(e)(3) of the Act, 77 P.S. §462.2(3).  SWIF argues that Claimant's position lacks support in the Act and that its dismissal came after "the parties had an opportunity to submit briefs

---

[9] However, Lace Building, which did receive a certificate of insurance, is located in a single municipality.

18

regarding their respective positions." SWIF Brief at 15-16. Additional discovery will not yield information relevant to SWIF's liability for Claimant's injuries.

The Act contains several provisions to ensure that construction workers are protected by workers' compensation coverage. Proof of insurance is required before a municipality can issue certain permits. Section 302(e) of the Act states as follows:

> (1) *Prior to issuing a building permit to a contractor, a municipality shall require the contractor to present proof of workers' compensation insurance* or an affidavit that the contractor does not employ other individuals and is not required to carry workers' compensation insurance.
>
> . . . .
>
> (3) *Every municipality issuing a building permit shall be named as a workers' compensation policy certificate holder of a contractor-issued building permit.* This certificate shall be filed with the municipality's copy of the building permit. *An insurer issuing a policy which names a municipality as a workers' compensation policy certificate holder pursuant to this section shall be required to notify that municipality of the expiration or cancellation of any such policy of insurance or policy certificate* within three working days of such cancellation or expiration.
>
> (4) *A municipality shall issue a stop-work order to a contractor who is performing work pursuant to a building permit, upon receiving actual notice that the contractor's workers' compensation insurance or State-approved self-insured status has been cancelled.* Also, if the municipality receives actual notice that a permittee, having filed an affidavit of exemption from workers' compensation insurance, has hired persons to perform work pursuant to a building permit and does not maintain required workers' compensation insurance, the municipality shall issue a stop-work order. This order shall remain in effect until proper workers' compensation coverage is obtained for all work performed pursuant to the building permit.

19

77 P.S. §462.2 (emphasis added). The Act separately obligates the contractor to notify the municipality issuing the permit of the expiration or cancellation of the policy of insurance. Section 302(g) of the Act states:

> Should such policy of workers' compensation insurance be cancelled or expire during the duration of the work or should the workers' compensation self-insurance status change during the said period, *the contractor shall immediately notify, in writing, the municipality, public body or political subdivision of such cancellation, expiration or change in status*.

77 P.S. §462.4[10] (emphasis added). Finally, Section 302(h) of the Act states:

> Nothing in this act shall be the basis of any liability on part of the municipality.

77 P.S. §462.5.[11]

Claimant contends that SWIF was required by Section 302(e) of the Act to issue a certificate of insurance to the City when the City issued a demolition permit. The Uniform Construction Code[12] states that before a commercial structure can be demolished, its owner must "first apply to the building code official and obtain the required permit[.]" 34 Pa. Code §403.42(a). Claimant observes that SWIF is "part of the [Department], which administers the Uniform Construction Code and the [] Act." Claimant Brief at 43. Simply, when SWIF issued the certificate of its coverage of Employer to Lace Building, it should also have issued

---

[10] Added by the Act of July 2, 1993, P.L. 190.

[11] Added by the Act of July 2, 1993, P.L. 190.

[12] Pursuant to Section 301(a)(1) of the Pennsylvania Construction Code Act, Act of November 10, 1999, P.L. 491, *as amended*, 35 P.S. §7210.301(a)(1), the Department promulgated regulations, known as the Uniform Construction Code, codified at Title 34 of the Pennsylvania Code, Chapters 401, 403, and 405. The Pennsylvania Construction Code Act also required municipalities to adopt the Uniform Construction Code as their municipal building code within 90 days of the publication of the Uniform Construction Code in the Pennsylvania Bulletin. *See* Section 501(a)(2) of the Pennsylvania Construction Code Act, 35 P.S. §7210.501(a)(2).

one to the City. Likewise, SWIF would have notified the City of the policy cancellation as it did Lace Building, the other third party with an interest in Employer's policy.

Section 302(g) of the Act obligates the "contractor" to "notify, in writing, the municipality . . . of [workers' compensation insurance] cancellation, expiration or change in status." 77 P.S. §462.4. Section 302(e)(3) obligates the insurer to "notify [the] municipality of the expiration or cancellation of coverage" of the contractor. 77 P.S. §462.2(e)(3). Notably, the municipality is excused from liability where a violation of Section 302 of the Act has occurred. *See* Section 302(h) of the Act, 77 P.S. §462.5. It follows, Claimant argues, that either the insurer or its policyholder can be held liable where a certificate of insurance either has not been issued to the municipality or, if issued, the insurer has not notified the municipality of the policy's cancellation, as it would for all holders of a certificate of insurance.

The Act does not specify whether it was the duty of Employer, or the duty of SWIF, to ensure that the City was "named as a workers' compensation policy certificate holder of a contractor-issued building permit." Section 302(e) of the Act, 77 P.S. §462.2. The workers' compensation policy itself may answer this question, but it is not in the record because Claimant had not completed discovery when the WCJ dismissed SWIF from the case.

Claimant argues that the WCJ's dismissal of SWIF "was a premature surprise" and not in accord with Department regulations. Claimant Brief at 49. The Department's regulation cited by Claimant governs the closing of the evidentiary record and states, in relevant part, as follows:

> (c) The evidentiary record is closed when the parties have submitted all of their evidence and rested or when the judge has closed the evidentiary record on a party's motion or the judge's own motion. If the judge determines that additional hearings are

necessary, or that additional evidence needs to be submitted, or if the judge schedules additional written or oral argument, the evidentiary record may be held open by the judge. *When the judge determines that the evidentiary record is closed, the judge will notify the parties that the evidentiary record is closed on the record or in writing.*

. . . .

(e) *A judge may close the evidentiary record on the judge's own motion even if all parties have not rested when the judge determines that the parties have had reasonable opportunity to present their case, provided that reasonable notice of the closing of the evidentiary record has been given to all parties.*

34 Pa. Code §131.101(c), (e) (emphasis added). The regulation further provides as follows:

(a) *Following the close of the evidentiary record and the hearing of oral argument*, if any, as provided in §131.102(a) (relating to oral argument), *the judge will issue a written decision*, which will contain findings of fact, conclusions of law and an appropriate order based upon the entire evidentiary record.

34 Pa. Code §131.111(a) (emphasis added).

At the October 20, 2022, hearing, the parties agreed to address only the legal issues. H.T. 28, 32; R.R. 329a, 333a. Those legal issues concerned "*coverage raised by [d]efense counsel for any injury that occurred on May 3, 2019, with regard to any carrier responsibility*," R.R. 340a (emphasis added), and the timeliness of the joinder petition. At that hearing, Claimant's counsel refused to "agree that the carrier, SWIF, is out." H.T. 8-9; R.R. 309a-10a. Claimant's counsel argued that SWIF is still "on the hook." H.T. 10-11; R.R. 311a-12a. The WCJ's subsequent order of October 31, 2022, stated that "[s]hould the mediation prove unsuccessful, *an interim briefing schedule will be issued with regard to the pending motions to dismiss the additional Defendants identified in the [j]oinder [p]etition.*" R.R. 343a

22

(emphasis added). That briefing did not concern SWIF's liability, and SWIF had not filed a motion to dismiss. While the WCJ "may close the evidentiary record on the judge's own motion[,]" he must give "reasonable notice of the closing of the evidentiary record . . . to all parties." 34 Pa. Code §131.101(e). The WCJ did not give such notice when he dismissed SWIF from the proceeding, and his decision to dismiss occurred before "the close of the evidentiary record," in violation of the Department's regulation at 34 Pa. Code §131.111(a). Thus, the WCJ's decision to close the record and dismiss SWIF was not authorized by the governing regulation.

Generally, property and casualty insurers must give advance written notice to policyholders before a mid-term policy cancellation can occur.[13] Unless the insurer issues a "cancellation notice that complies with the provisions set forth in this act, insurance coverage will remain in effect." Section 3(b) of the Act of July 3, 1986, P.L. 396, No. 86, 40 P.S. §3403(b) (Act 86).[14] *See generally Cain v. Department of Transportation, Bureau of Motor Vehicles*, 811 A.2d 38, 42 (Pa. Cmwlth. 2002) (notice of cancellation for nonpayment of premium "must be issued

---

[13] A workers' compensation insurance policy is a type of commercial property and casualty insurance. *See* Section 113.81 of the Insurance Department's regulations, 31 Pa. Code §113.81 (defining "[c]ommercial property and casualty risk insurance" as one that includes "workers' compensation risks").

[14] As explained in treatise authority, a standard workers' compensation policy states, among other things, as follows:

> 2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancellation is to take effect. Mailing the notice to you at your mailing address . . . will be efficient to prove notice.

*See* David B. Torrey & Andrew E. Greenberg, 9 WEST'S PENNSYLVANIA PRACTICE SERIES, WORKERS' COMPENSATION §23:71 (4th ed. 2024). Further, "[a]ccording to the Insurance Department, workers' compensation carriers must abide by" the "principal" insurance statute governing mid-term policy terminations, which is Section 3(b) of Act 86, 40 P.S. §3403. 9 WEST'S PENNSYLVANIA PRACTICE SERIES, WORKERS' COMPENSATION §23:71. When adjudicating a cancellation dispute, the WCJ and courts must consider whether the carrier's notice was adequate. *Id*.

23

*or the cancellation will not be effected*”) (emphasis in original); *Royal Indemnity Company v. Adams*, 455 A.2d 135, 142 (Pa. Super. 1983) (because insurance policy conditioned insurer's right to cancel for non-payment of premium upon "notifying the insured at least ten days prior to the cancellation," insurer's failure to do so results in continuation of coverage). At this point, it has not been established that SWIF gave advance written notice to Employer in accordance with the policy provisions or the statute. The SWIF printout states Employer's policy was cancelled, but that printout does not prove that SWIF complied with the requirement of advance written notice.

Questions about the efficacy of SWIF's cancellation of Employer's workers' compensation policy remain unanswered. SWIF did not issue a certificate of insurance to the City as required under Section 302(e) of the Act, let alone notice of its purported cancellation. Thus, the cancellation may not be effective. SWIF contends that it was Employer's responsibility to have the certificate issued to the City. However, it does not point to any authority, such as a policy provision, statute or regulation, to support this contention. Discovery may also yield information relevant to whether Employer's policy was properly cancelled mid-policy term. Because the dismissal of SWIF was premature, the Board's order in this regard will be vacated and the matter remanded for completion of discovery on whether SWIF has satisfied its contractual and statutory duties and effected a lawful termination of Employer's workers' compensation insurance policy.

**Conclusion**

We hold that the claim petition was sufficient to make Lace Building, Scranton Lace, and SCE parties to the claim proceeding and that the joinder petition effected a timely filed amendment to the claim petition. We reverse the Board's adjudication dismissing the joinder petition and remand the matter to the Board for

24

further remand to the WCJ to consider the merits of the claim petition as amended by the joinder petition.

We hold, further, that the WCJ's decision to dismiss SWIF from the proceeding was premature because discovery had not been completed. We vacate the Board's adjudication affirming the WCJ's dismissal of SWIF from the proceeding and remand the matter to the Board for a further remand to the WCJ to enable the parties to complete discovery on whether SWIF's cancellation of workers' compensation coverage was legally effective, under the policy and under the Act.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Jordan, : 
          Petitioner : 
           : 
          v. : No. 621 C.D. 2024
           : 
Lost Forest Development, LLC, : 
State Workers' Insurance Fund, : 
Lace Building Affiliates, LP, : 
Scranton Lace Building, LLC, and : 
SCE Environmental Group, Inc. : 
(Workers' Compensation Appeal Board), : 
          Respondents : 

# **O R D E R**

AND NOW, this 19th day of August, 2025, the adjudication of the Workers' Compensation Appeal Board, dated April 24, 2024, in the above-captioned matter, is REVERSED in part and VACATED in part. The matter is REMANDED to the Workers' Compensation Appeal Board to further remand it to the Workers' Compensation Judge for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita